McCormick Harvesting Machine Co. v. Yankton Sav. Bank, *et al.*

1. Where, for years, the general agent of a corporation had been accustomed to send notes due the corporation to a bank for collection, and the bank, as it collected the notes at different times, gave the agent credit on its books, sometimes retaining the collections as long as two months before remitting the balance due the corporation, the corporation was merely a creditor of the bank, and the proceeds of collections made by it could not be regarded as trust funds.

2. In the absence of any affirmative showing that the corporation had knowledge of such course of business it will be presumed to have knowledge through its general agent.

3. In an action against the receiver of a bank to have the proceeds of certain notes collected by the bank declared a preferred claim as a trust fund, the funds in the bank at the time of its insolvency having amounted to less than plaintiff's claim, it was proper to admit in evidence judgments recovered by certain preferred creditors of the

bank in order to show that there were preferred creditors, entitled to share pro rata in the funds in the bank at the time of its insolvency.

4. Where for two years the general agent of a corporation had been accustomed to send notes to a bank for collection, and the bank as it collected the notes at different times gave the agent credit on its books, from time to time remitting all the balance due the corporation, in an action by the corporation on the insolvency of the bank, to have the proceeds of the notes declared a preferred claim as trust funds, it was not error to refuse to allow a witness to answer a question as to the manner in which the corporation collected its accounts in the state, it not being shown that the bank had any knowledge of the manner in which the corporation did business with other banks, and such question not being material.

5. It was not error to sustain an objection to a question as to whether the corporation kept or authorized a general account with any bank outside of certain ones, inasmuch as the question in issue was whether the transaction between the corporation and defendant bank was such that the relation of debtor and creditor existed.

6. A contention that it was error to permit the receiver of the defendant bank to show the manner in which the accounts were kept, for the reason that such issue tended to contradict the express agreement between the parties, was untenable.

7. What is a prompt transmittal of funds within the meaning of an agreement between a bank and one who sends it notes for collection, depends upon the understanding of the parties, shown by the usage or course of business between them.

(Opinion filed October 25, 1901.)

Appeal from circuit court, Yankton county. HON. E. G. SMITH, Judge.

Action by the McCormick Harvesting Machine Company against the Yankton Savings Bank and another. From a judgment in favor of defendants, plaintiff appeals. Affirmed.

*Hosmer H. Keith,* for appellant.

The bank received the money as a trust fund. The fact that without plaintiff's knowledge or consent it placed the various

amounts received in its books as a general deposit would not change the character of the transaction and .the plaintiff is entitled to a preference in its payment out of the assets of the assigned estate.   Bowers v. Evans, 36 N. W. 629; Kimmel v. Dickson, 5 S. D. 221; McLeod v. Evans, 28 N. W. 173; Frances v. Evans, 33 N. W. 93; Carley v. Grans, 48 N. W. 110; Bank v. Gas Co., 30 N. W. 440; Peak v. Ellicott, 1 Pac. 499; Van Alen v. Bank, 53 N. Y. 1; Frith v. Cartland, 2 Hun. & Mil. 417; People v. Bank, 39 Hun. 187; Bank v. Johnson, 69 N. W. 49; People v. Bank, 97 N. Y. 32; Caigir v. Hadley, 99 N. Y. 131; Bank v. Ins. Co., 104 U. S. 54; May v. LeClaire, 78 U. S. 217.

French & Orvis, for respondents.

Cited contra: Nonotuck Silk Co. v. Flanders, 58 N. W. 383; Annheuser-Busch Brewing Co. v. Clayton, 13 U. S. App. 295; Sohs v. Cox, 32 L. R. A. 715; State v. Foster, 29 L. R. A. 226; Bank v. Johnson, 61 N. W. 49; Peters v. Kain, 133 U. S. 670; Little v. Chadwick, 23 N. E. 1005; Atkinson v. Rochester Print Co., 21 N. E. 178.

Corson, J.    This is an action by plaintiff against the defendant bank and its receiver, instituted by leave of the court, to compel the receiver to pay to the plaintiff as a preferred claimant, the sum of $380.72, for money alleged to have been received by the defendant bank prior to its insolvency, on November 22, 1899, as a trust fund. The case was tried by the court without a jury, and, findings of fact and conclusions of law being found in favor of the defendants, the plaintiff appeals.

The court, among others, finds the following facts: "That prior to the first of October, 1899, the plaintiff forwarded and delivered to the said Yankton Savings Bank, at Yankton, S. D., for col-

lection and for the purpose of collecting upon a commission, and with instructions to said bank to collect and remit the proceeds of such collections to the plaintiff, and for no other purpose, the following described promissory notes, belonging to the plaintiff." The court then proceeds to set out the names of the makers and the amounts due on eight promissory notes which the defendant bank collected. These notes were for various sums, ranging from $4.40 to $125. The court further finds that between September 26, 1899 and November 4, 1899, these notes, amounting in all to $386.71, were collected by the bank. The court further finds; "No. 8. That the proceeds of the collection of the said notes so as above stated made by the Yankton Savings Bank were by the said bank placed among other moneys of said bank, and were used by the said Yankton Savings Bank in its business, without the knowledge or consent of the plaintiff. No. 9. That there is no evidence showing or tending to show, that the sum as above stated, collected by the said Yankton Savings Bank for the plaintiff, and placed among its funds, was on hand at the time the bank closed, on November 22, 1899, except the sum of $131.29 in cash, being the only cash on hand in the said bank, nor any evidence to show that the assets of the bank were in any manner increased between the 27th day of September, 1899, and the 22d day of November, 1899, when the bank closed, or any evidence to show that the said sums so collected were invested in any other property which the said Yankton Savings Bank had at the time it closed, on the 22d day of November, 1899. No. 9½. That prior to the commencement of this action plaintiff duly demanded of said receiver the payment of the money so converted and used by said Yankton Savings Bank, but defendant refused to pay said sum as preferred claim. No. 10. That for two years and upwards prior to the date when the bank closed the plaintiff has from time to time sent to the

Yankton Savings Bank notes to be collected by it on commission; that these collections were made by the said Yankton Savings Bank at different times, credit being given at the time of collection to W. B. Postin, general agent for the plaintiff, on its books, and such collections being retained by the bank in some instances as long as two months after the collection, and then all remitted to the plaintiff at one time, less the commission to which it was entitled." "No. 12. That from the 3d day of November, 1899, to the 22d day of November, 1899, the said Yankton Savings Bank was open and doing business, receiving deposits, and paying out checks, and that on the —— day of——, 1899, the date of the appointment of the receiver, it sent to the plaintiff in this case a draft for the sum of $380.72, which said draft was received by the plaintiff and forwarded by it for collection, but payment was refused for want of funds in the bank upon which the same was drawn. No. 13. That the assets of said Yankton Savings Bank are not sufficient to pay all the creditors of said bank in full, but are sufficient to pay plaintiff's claim in full." From these findings the court concludes as a matter of law: "(1) That the defendant is entitled to a judgment that said claim of the plaintiff sued upon in this case is not a special or preferred claim, but that the relation of debtor and creditor exists, and did exist, between plaintiff and defendant, at the time of the commencement of this action, and that the Yankton Savings Bank received the amount claimed in plaintiff's complaint as a trust fund. No. 2. That the purpose of this action and the order permitting the same to be brought, was to test the question as to whether or not the plaintiff's claim should be allowed and paid in full as a preferred claim, out of a special trust fund, in the hands of said receiver, and, the court finding that the plaintiff is not entitled to such relief under the facts in the case, the defendant should have judgment for the costs, and that plaintiff's cause of action be dismissed."

The plaintiff excepted to findings Nos. 8, 9, 10, 11, 12, and also to conclusions of law, and contends that the findings are not sustained by the evidence, and that the conclusions of law are contrary to the evidence, and contrary to the findings of fact, and contrary to law. It may be added that the court found that prior to the commencement of this action judgment had been rendered in the circuit court of Yankton in favor of various parties, amounting to a sum greater than $131.29, and which latter sum had been paid out upon said judgments. It is contended on the part of the appellant that the moneys collected by the bank between September 26th and November 4th were received by the bank in a fiduciary capacity, as agent for the plaintiff, and the fund became a trust fund, to which the plaintiff was entitled to the extent, at least, of the moneys found in the bank at the time it suspended, and that the fact that the judgments had been paid by the receiver could not affect the rights of the plaintiff. The respondent insists, in support of the judgment, that the plaintiff had become, by the course of dealings between its agent, Postin, and the bank simply a creditor of the bank, and was not entitled to any preference over the other general creditors of the bank, and this seems to have been the view taken by the learned circuit court.

The contention of the appellant that the findings of fact are not supported by the evidence is untenable. Without attempting to set out the evidence, it is sufficient to say that, after a careful examination of the same, we are of the opinion that the findings are fully supported by the evidence, or, at least, that there is no clear preponderance of the evidence against the court's findings. We shall therefore discuss the case upon the theory that the findings are fully supported by the evidence, and that the principal question necessary to be considered is, did the findings support the court's conclusions of law and the judgment?

It will be noticed from the findings that the plaintiff, through its general agent, Postin, for more than two years prior to the closing of the bank, had from time to time sent notes to the bank for collection, and that said notes were collected at different times, and credit given at the time of collection to Postin on its books, and that the collections were retained by the bank in some instances as long as two months after the collection, and then all remitted to the plaintiff at one time, less the commission.   While it does not affirmatively appear that the plaintiff had actual notice that these sums were deposited in the bank to the credit of Postin, and that this was the usual course of business between the bank and Postin, we think it must be presumed to have had such notice, or constructive notice, through its general agent, Postin.   That Postin was advised of the method in which the accounts were kept, collections made, and remitted from time to time, must be presumed from the fact that the drafts were necessarily accompanied by a statement of account showing the various dates when the notes were paid.   Clearly, then, the plaintiff occupied the position of an ordinary depositor.   It is true this court held, in the cases of Kimmel v. Dickson, 5 S. D. 221, 58 N. W. 561, 25 L. R. A. 300, 49 Am. St. Rep. 869, and Manufacturing Co., v. Auld 14 S. D. 512, 86 N. W. 21, that where one deposits a sum of money in a bank for a particular purpose, or sends to a bank a draft or note for collection, and the money is collected, the relation of debtor and creditor does not exist between said person and the bank, but that the bank holds the money as trustee.   But where, as in the case at bar, the notes are sent to the bank for various amounts, and the money when collected, is credited to the party, or its general agent, and the remittances are made from time to time by drafts, and this is the usual course of business between the parties, the rule laid down in the cases cited has no application.   Counsel for the respec-

tive parties have cited a large number of authorities in which the principles of law applicable to the collection of notes and drafts by banks are discussed, but since the briefs in the case at bar were filed this court has fully considered the question in the case of Manufacturning Co. v. Auld, *supra,* in which most of the authorities cited are reviewed, and a further discussion is unnecessary. In that case, Fuller J., speaking for this court, says: "According to an invariable rule, money deposited by a general customer, or collected for him upon a note, with the understanding that the same shall be passed to his account, kept subject to check, the entire amount belongs to the bank, and the relation of debtor and creditor thus voluntarily created precludes him, in case the bank becomes insolvent, from participating in the distribution of funds acquired by the bank in violation of the trust which adheres to the relation of principal and agent." And after quoting from Thompson on Corporations, he says: "Had the bank transacted its business agreeably to the general custom of such institutions, the money collected upon the note could not, in any sense become even a special deposit, and the relation of debtor and creditor between the bank and the corporation transmitting the note for collection and return was never contemplated. The character of the transaction and the nature of the service required placed the collecting bank and the owner of the note in the attitude of principal and agent, and the money collected never belonged to the bank, nor did its retention create, in a legal sense the relation of debtor and creditor." It will be observed in that case that the court adopted the rule that where the draft or note is sent to the bank for collection and it is collected, the bank holds the fund in trust for the party transmitting the same, and, in case of the bank's insolvency, the party transmitting is entitled to full payment from the cash on hand in the bank at the time of insolvency,

in case there is sufficient funds to pay all the preferred creditors, and, in case there is not, then to his pro rata share. But a party who seeks to invoke the application of this rule must show clearly that the relation of debtor and creditor does not exist between the parties. Where, however, that relation does exist, the party can only claim his share of the assets.

As before stated in our opinion, by the course of dealing between the plaintiff, through its general agent, Postin. and the bank, the relation of debtor and creditor was established. In other words, it had become the usage between the plaintiff and the bank for the bank to credit it with the amounts collected, and remit from time to time the proceeds of such collections, less commissions. Undoubtedly, also, the amounts collected and credited to Postin were subject to his check had he chosen to draw for the same. It is quite clear, therefore, if we are corect in this view of the transaction between the parties, the conclusions of the court are correct.

It is further contended by the appellant that the court errer in admitting Exhibits 1, 2 and 3, being judgments recovered by certain preferred creditors of the bank, but this contention is untenable. It was perfectly competent for the receiver to show that there were preferred creditors of the bank who were entitled to share pro rata, the cash funds found in the bank at the time of its insolvency. Manufacturing Co. v. Auld, *supra.*

It is further contended by the appellant that the court erred in refusing to allow the following question to be answered: "You may state the manner in which the company collected its accounts in this state." This ruling was clearly proper. It was not shown, and there was no offer to show, that the bank had any knowledge of the manner in which the plaintiff did its business with other banks in the state; and, further, it is not material what its manner was of doing business with other banks.

It is further contended on the part of the appellant that the court erred in sustaining the objection to the further question to the same witness: "You may state if your company keeps or authorizes a general account with any bank that makes collections for you, outside of the banks at Sioux Falls and Aberdeen." The court's ruling in sustaining the objection to this question was clearly right, as the question to be determined in this case was whether or not the transaction between the plaintiff and the defendant bank was such that the relation of debtor and creditor was created between them, or, in other words, whether, by the usage between the plaintiff and defendant bank, the moneys became a general deposit. The appellant complains of other rulings of the court in admitting and rejecting evidence, but we are of the opinion that the court's rulings were correct, and that the appellant's exceptions cannot be sustained.

The appellant further contends that the court erred in permitting the receiver to show the manner in which the accounts were kept by the bank, for the reason that it tended to contradict the express agreement between the parties, but, in our view, this contention is untenable.

The agreement of the bank was to transmit "promptly." This term has no definite legal meaning, and what is "prompt" transmittal of funds depends upon the understanding of the parties, shown by the usage or course of business between them.

Finding no error in the record, the judgment of the circuit court is affirmed.

Fuller, P. J., dissenting.