# INDEPENDENT SCHOOL DISTRICT NO. 5 OF DAVIS,
## Appellant, v. SMITH et al, Respondents.

### (208 N. W. 775.)

(File No. 6015.   Opinion filed May 5, 1926.)

**Banks and Banking—Trusts—To Establish Preferential Claim, Proceeds of Collection of County Warrant, Which Was Charged by Depository to County Account, Must Be Traceable to Specific Fund or Property Coming into Hands of Superintendent of Banks.**

Where county warrant was charged to county's account by depository which, however, became insolvent before proceeds had been transmitted to owner of warrant, preferential claim could not be established without tracing proceeds of collection of warrant into specific fund or property coming into superintendent of bank's hands.

Note.—See, Headnote, American Key-Numbered Digest, Banks and banking, Key-No. 80(7), 7 C. J. Sec. 547 (Anno.).

On following trust funds, see Pomeroy's Eq. Jur., 4th Ed., Sec. 1048.

Appeal from Circuit Court, Turner County; Hon. L. L. Fleeger, Judge.

Action by the Independent School District No. 5 of Davis against Fred R. Smith, as Superintendent of Banks of the State of South Dakota, and others. From a judgment sustaining demurrer of defendants, plaintiff appeals. Affirmed.

*Johnson & Simons,* of Sioux Falls, for Appellant.

*Bogue & Bogue,* of Parker, and *Roy E. Willy,* of Platte, for Respondents.

GATES, P. J.   Plaintiff district had a $1,000 Turner county warrant. It deposited it in bank at Davis for collection and credit. The Davis bank credited plaintiff's account with the amount of such warrant and sent the warrant to a Sioux Falls bank for collection. The Sioux Falls bank sent it to the Parker bank for collection. The Parker bank was the county depository, and it charged the county account with the amount of the warrant and issued its draft on a Sioux City bank which it sent to the Sioux Falls bank. The Sioux Falls bank sent the draft to the Sioux City bank. About that time the Parker bank became insolvent, and was placed, and now is, in the charge of the superintendent of

banks. The Sioux City bank refused payment and returned the draft to the Sioux Falls bank, which debited its account with the Davis bank, and the Davis bank debited the plaintiff's account. The complaint further alleges the presentation of the claim to the superintendent of banks as a claim against the assets of the said Citizens' Bank of Parker and its allowance as a general claim, but that it was rejected as a preferred claim. Plaintiff seeks to recover as a preferred claim against the Parker bank. The defendants demurred to the complaint for want of sufficient facts. The trial court sustained the demurrer. Plaintiff appeals.

Under our decision in Birch v. International State Bank, 50 S.D. —, 208 N.W. 167, it is indispensable to the maintenance of this action that the proceeds of the collection of appellant's warrant be traced to a specific fund, or into specific property, that came into the hands of the superintendent of banks. There is no allegation in the complaint that any property of the Citizens' Bank of Parker whatever came into the hands of the superintendent of banks, much less an allegation that any money came into his hands which by the fiction of law could be considered as representing the collection. Therefore the complaint did not state a cause of action, and the demurrer thereto was rightly sustained.

Affirmed.

SHERWOOD, J., not sitting.