DOCKSTADER, Respondent, v. HIRNING, State Superintendent
of Banks, Appellant.

(209 N. W. 542.)

(File No. 6121.   Opinion filed July 6, 1926.)

1. **Mandamus.—Venue—Superintendent of Banks.**

 Only circuit court of county of bank's domicile, and engaged
in winding up its affairs, has jurisdiction to hear mandamus
proceeding to compel superintendent of banks to certify alleged
deposit to depositors' guaranty fund commission.

2. **Mandamus—Jurisdiction—Failure of Superintendent of Banks to
Appeal From Refusal to Quash Alternative Writ of Mandamus
Held Not to Waive Objection to Jurisdiction.**

 Failure of superintendent of banks to appeal from order deny-
ing motion to quash alternative writ of mandamus in proceed-
ing to compel certification of alleged deposit to depositors'
guaranty fund commission, not brought in court of county of
bank's domicile as required, held not to waive objection to
jurisdiction.

---

Note.—See, Headnote **(1)** American Key-Numbered Digest,
Mandamus, Key-No. 141, 38 C. J. Sec. 528; **(2)** Mandamus, Key-No.
141, 38 C. J. Sec. 529.

Appeal from Circuit Court, Minnehaha County; HON. JOHN T.
MEDIN, Judge.

Special proceeding in mandamus by W. H. Dockstader against
John Hirning, as Superintendent of Banks. From a judgment for
plaintiff, and an order denying a new trial, defendant appeals.
Reversed and remanded, with directions.

*Null & Royhl,* of Huron, for Appellant.

*Krause & Krause,* of Dell Rapids, for Respondent.

GATES, P. J. This is a special proceeding in mandamus,
brought in the circuit court of Minnehaha county to compel the
superintendent of banks to certify an alleged deposit in the
People's State Bank of Canova to the depositors' guaranty fund
commission. Hirning had refused to do that upon the ground
that the claim was a loan and not a deposit.

Upon the return day to the alternative writ the defendant
moved to quash the writ upon the ground that the circuit court
of Minnehaha county had no jurisdiction of the person of the
defendant or of the subject of the proceeding, and upon the
ground that plaintiff's affidavit did not state facts sufficient to

constitute a cause of action or sufficient to entitle plaintiff to relief. Accompanying the motion to quash was an affidavit by Hirning showing that the said bank, during its active period, had its place of business in Canova, Miner county, and that the settlement and winding up of the affairs of said bank were all being had in the circuit court of Miner county. The trial court denied the motion to quash, whereupon defendant answered, still preserving therein his objection to the jurisdiction of the Minnehaha court. The court found for plaintiff. From the judgment and an order denying new trial, defendant appealed.

[1] In Hanson v. Sogn, 50 S. D. 44, 208 N. W. 228, we held:

"The whole theory of the laws relating to the department of banking is that the exclusive possession and control of the property of an insolvent bank are in the superintendent of banks, subject to the authority of the circuit court of the county of the bank's domicile. * * *

"Clearly an authority, vested in the circuit judges of circuits other than that of the bank's domicile, to appoint a receiver or make orders touching the administration of the insolvent estate would be inconsistent with the power vested in the circuit court of the bank's domicile to supervise the superintendent."

Minnehaha county is in the Second judicial circuit, and Miner county is in the Ninth judicial circuit. Clearly the trial court should have granted the motion to quash.

[2] But respondent treats the matter the same as an application for change of venue of an ordinary action, and claims that by not appealing from the order denying the motion to quash appellant has waived his objection to the jurisdiction. We do not think the situations are parallel. In the ordinary case the circuit court of the county where the action is brought has jurisdiction to try and determine the case if an application for change of venue is not made. In these insolvent bank matters the legislative intent is that the circuit court of the county of the bank's domicile alone has jurisdiction to wind up its affairs.

The judgment and order appealed from are reversed, and the cause is remanded, with directions to dismiss the proceeding without prejudice.

KNIGHT, Circuit Judge, sitting in lieu of DILLON, J.