FERGEN, Respondent, v. LONIE, Defendant (Smith, Sup't of Banks, Intervener).

(213 N. W. 720.)

(File No. 6270.   Opinion filed May 5, 1927.)

1. **Stipulations—Stipulation Allowing Preferred Claim Held Insufficient to Support Judgment When Failing to Set Out Items Composing Amount Subject to Payment Thereof.**

   Stipulation to effect that claim against insolvent bank was preferred claim, entitled to share pro rata in cash on hand, cash items, and money due, amounting to certain approximate amount, held insufficient to support judgment in accordance therewith, in that items composing amount subject to payment of preferred claims were not set out, since, except where claimant is able to trace trust fund into specific property, only cash on hand in bank on date of its suspension can be treated as trust fund for payment of such claims.

2. **Stipulations—Courts Will Not Refuse to Set Aside Stipulation Allowing Claim Preference, Because Claimant Would Have Been Willing to Follow Trust Fund Except for Settlement.**

   Courts will not refuse to set aside stipulation by state superintendent of banks allowing claim as preferred claim to share pro rata in cash on hand, cash items, and money due because of failure to itemize accounts subject to preferred claims, on ground that claimant would have been willing to follow specific fund into property of insolvent bank, and would not have entered into stipulation, if superintendent had taken such position in first instance, since claimant is charged with knowledge that superintendent could not for purpose of settling litigation take a fund belonging to general creditors and pay it to preferred creditors.

3. **Courts—Stipulation Could Not Give Circuit Court Jurisdiction Concerning Priority of Claims Against Insolvent Bank Domiciled in Another Judicial Circuit.**

   Circuit court has no jurisdiction of subject-matter of administration of insolvent bank domiciled in another judicial circuit, and had no power to determine priority of claims against its fund, notwithstanding stipulation of parties on which judgment was entered, since jurisdiction of subject-matter could not be conferred by consent.

Note.—See, Headnote (1), American Key-Numbered Digest, Stipulations, Key-No. 14(12), 36 Cyc. Sec. 1292; (2) Stipulations, Key-No. 13, 36 Cyc. Sec. 1294; (3) Courts, Key-No. 23, 15 C. J. Sec. 164.

On following trust funds in insolvent banks, see Pomeroy's Equity Jurisprudence, 4th Ed., Vol. 3, Sec. 1048, and notes.

Appeal from Circuit Court, Codington County; Hon. W. N. Skinner, Judge.

Action by F. C. Fergen against W. G. Lonie, wherein the Presho State Bank of Presho was made garnishee, and F. R. Smith, as Superintendent of Banks, was required to intervene after insolvency of the garnishee. From an order denying the application of the Superintendent of Banks to amend a stipulation and judgment entered in accordance therewith, the Superintendent of Banks appeals. Reversed and remanded.

See, also, 50 S. D. 328, 210 N. W. 102.

*Perry F. Loucks,* of Watertown, and *Roy E. Willy,* of Platte, for Appellant.

*Eugene P. Campbell,* of Watertown, for Respondent.

BURCH, J. This case was commenced by plaintiff against the defendant in the circuit court of Codington County on or about November 19, 1923, and the Presho State Bank, of Lyman county, was made garnishee defendant. The garnishee answered, and plaintiff took issue thereon. Later judgment was rendered against the principal defendant, but the issue between the garnishee and plaintiff was not tried. In February, 1924, the garnishee, Presho State Bank, suspended business because of insolvency, and went into the hands of the superintendent of banks for liquidation. Because of this change in the management of the garnishee bank the issue between the garnishee and plaintiff was not tried in the regular manner. By means of show cause orders, the superintendent of banks was required to intervene, the issues were enlarged, and the court not only tried the liability of the garnishee as a debtor of the principal defendant, but, because of the insolvency of the garnishee, undertook to establish the deposit as a special deposit, to follow the deposit into a trust fund subject to the payment of plaintiff's judgment as preferred claim, and to compel payment thereof into court. The superintendent of banks did not file a complaint in intervention, but instead entered into a stipulation of fact upon which it was agreed judgment should be entered. Among other things, it was stipulated that the claim was a preferred claim for $6,000; that there were other preferred claims amounting to $3,704.73, which were entitled to share pro rata with plaintiff's claim out of the cash on hand, cash items, and money due from

correspondent banks, amounting to approximately $3,160. Judgment was entered in accordance with the stipulation, and the superintendent of banks was ordered to pay plaintiff's pro rata share into court. After this judgment was rendered, the superintendent ascertained there was only $46.16 cash on hand in the bank when he took charge, and, being of the opinion that this amount was all that could be applied in payment of such preferred claims, applied to the court for leave to amend the stipulation by setting out the items composing the $3,160 so the stipulation would show "Cash on hand, $46.16; balance due from Standard Trust & Savings Bank, Chicago, on open account, $428.64; balance due from Sioux National Bank, Sioux City, Iowa, open account, $129.63; balance due from Northwestern National Bank, Minneapolis, Minn., open account, $2,065.41; checks for clearance, $142.86," and asked to be relieved of the earlier stipulation and judgment thereon. The application was denied, and from the order denying the application the superintendent of banks appealed.

The single assignment of error is that the court erred in denying the superintendent's application "to be relieved from the stipulation and judgment."

[1] The proposed amendment to the stipulation was a separation and itemizing of the fund which was in the first stipulation conceded to be subject to the payment of preferred claims. The first stipulation did not state the amount of cash and the amount of the cash items, but it did state that the $3,160, was composed of cash and other items. Respondent contends that, if it was a mistake to include the money due from banks and cash items, it was a mistake of law and not of fact. That would be true, if the first stipulation had set out the items composing the amount conceded to be subject to the payment of preferred claims. But to correct the mistake of law additional facts were necessary, if the cash items and money due from banks could not be used to pay preferred claims. The facts necessary to a proper judgment should have been before the court either by proof or stipulation. From the stipulation without amendment the court could not find the necessary facts, and consequently the conclusion of law stipulated and afterwards found by the court was not supported by the evidence, and could not support the judgment. Except where the claimant has been able to trace his trust fund into precific property,

it is well settled in this state that only cash on hand in the bank on the date of its suspension can be treated as a trust fund for the payment of such claims. The trust fund character of the cash on hand depends upon a fiction of law, whereby it is presumed that the bank used its own money in the payment of its debts, and that the residue in its vaults represents the trust fund. The fiction does not apply to other funds. Kimmel v. Dickson, 5 S. D. 221, 58 N. W. 561, 25 L. R. A. 309, 49 Am. St. Rep. 869; Plano Mfg. Co. v. Auld, 14 S. D. 518, 86 N. W. 21, 86 Am. St. Rep. 769; McCormick Harv. Mach. Co. v. Yankton Sav. Bank, 15 S. D. 196, 87 N. W. 974; McKeon v. Meade Co. Bank, 37 S. D. 100, 156 N. W. 795; Birch v. International State Bank, 50 S. D. 60, 208 N. W. 775. No specific fund or property has been traced in this case, and the above rule applies.

[2] Respondent says that he was willing to follow the $6,000 fund through the International State Bank and into the property of the Presho State Bank, and, if the position now taken by appellant had first been taken by him, the stipulation would never have been entered into; that he cannot now be placed in the position he was in before the stipulation, and the settlement made to avoid expense to both parties ought not now to be set aside. Respondent is charged with knowledge of the law, and must be held to have known that the superintendent could not, for the purpose of settling litigation, take a fund belonging to general creditors and pay it to preferred creditors. We do not think respondent was prejudiced by the stipulation. It was approved by the superintendent more than seven months after the deposit was made. If after that long delay respondent could have so traced the funds, he would have done much better than any success of his during the seven months promised for the future. He could not establish the trust by showing the bank's assets were increased to the amount of the deposit, but would have to point out the specific property impressed with the trust.

Appellant questions the jurisdiction of the circuit court of Codington county over the subject-matter of the litigation, so far as it pertains to the determination of the priority of the claim, the manner and time of its payment, the funds from which the payment is to be made, and all other matters pertaining to the administration of the estate of the Presho State Bank, claiming

that the superintendent of banks, in his relation to closed banks, is a statutory receiver in the exclusive possession and control of the property of an insolvent bank subject to the exclusive authority of the circuit court of the bank's domicile, citing Hanson v. Sogn, 50 S. D. 44, 208 N. W. 228; Dockstader v. Hirning, 50 S. D. 264, 209 N. W. 542. Codington county is in the third judicial circuit of this state, while Lyman county is in the eleventh circuit. If the judgment against the superintendent was void for want of jurisdiction, the superintendent had the right to have the void judgment vacated, but not for the purpose of allowing an amendment of the stipulation and the re-entry of a judgment of the same character, subject to the same attack, and void for the same lack of jurisdiction, which results if the order appealed from is reversed with direction to allow the amendment. Respondent says:

"The banking department at all times has, and still does, recognize the jurisdiction of the Third judicial circuit court to find the facts entitling plaintiff's claim to preference in payment over the claims of general creditors of Presho State Bank, * * * and the department will now concede full jurisdiction (if the court will * * * make such judgment as the superintendent has now decided the court can make)."

[3] This criticism of the superintendent's position seems to be justified, but, in extenuation of the conduct of both parties, it may be said that, at the time many of the proceedings in this case were had, the law was not well understood by the courts and bar. Since then this court has definitely decided that the administration of the estate of an insolvent bank is within the exclusive jurisdiction of the circuit court of the bank's domicile. Hanson v. Sogn, supra; Dockstader v. Hirning, supra. That being the case, the circuit court of Codington county had no jurisdiction of the subject-matter of the Presho State Bank's estate, and was without power to determine the priority of claims against its funds. Jurisdiction over the subject-matter could not be conferred by consent.

Whether or not a judgment may be rendered against an insolvent garnishee bank fixing the amount of the garnishee's liability after it passes into the hands of the superintendent of banks for liquidation, by the circuit court of another circuit, is not decided. Such court cannot decide the character of the claim, whether

preferred or general, the order, or time in which it shall be paid, or any other matter pertaining to the administration of the insolvent's estate. Those matters are within the exclusive jurisdiction of the circuit court of the bank's domicile. For this reason the order appealed from must be reversed and the cause remanded for further proceedings in harmony herewith, and it is so ordered.

No costs to be taxed in this court.

CAMPBELL, P. J., and POLLEY, J., concur.

GATES and SHERWOOD, JJ., not sitting.