COLTEAUX, Respondent, v. FIRST TRUST & SAVINGS BANK, et al, Appellants.

(218 N. W. 151.)

(File No. 6498. Opinion filed February 28, 1928.)

*Roy E. Willy*, of Platte, for Appellants.

*Miller & Shandorf*, of Mitchell, for Respondent.

MORIARTY, C. This is an action in which John Colteaux, as administrator, seeks to have a claim against the First Trust & Savings Bank, of Mitchell, adjudged to be a preferred claim, and ordered paid as such. From a judgment granting the relief prayed for, and from an order denying a new trial, this appeal is taken.

The facts disclosed by the record are as follows:

One Eleazer Kelley died testate in Davison county on November 27, 1922. In his will Kelley named the First Trust & Savings Bank as executor. Pursuant to regular proceedings in the county court of Davison county, the bank was appointed executor of the will, and, after the entry of the order appointing, the bank filed its bond as such executor, and Robert J. Harrison, the president of the bank, signed the executor's oath on behalf of the bank. Letters testamentary were thereupon issued to the bank, and it proceeded to exercise the powers and authority of executor by publishing notice to creditors, and receiving and disbursing moneys of the estate. The bank qualified as executor, and assumed authority to act as such in February, 1923. On October 16, 1923, this bank closed its doors, and was taken over for liquidation by the superintendent of banks.

After its going into the hands of the superintendent, the letters testamentary originally issued to the bank were revoked, and John Colteaux, the plaintiff in this action, was appointed administrator with the will annexed, and duly qualified as such.

The record shows that, at the time the defendant bank closed, it had in its hands, or under its charge, the sum of $6,540.66 belonging to the estate of Eleazer Kelley, deceased. The plaintiff, Colteaux, as administrator, presented to the superintendent of banks a claim for $6,540.66, asking that it be allowed as a preferred claim, on the theory that the bank held the funds of the Kelley estate as a trust. The superintendent allowed this claim as a general claim, but refused to allow it as a preferred claim, and the administrator brought this action.

The record shows that on the 16th day of October, 1923, when the defendant bank closed, it had in its vaults actual cash in the sum of $1,214.98 and the amount of cash which it had on hand

between February 28, 1923, and October 16, 1923, was at no time less than said sum of $1,214.98.

At all times involved herein the First National Bank of Mitchell, S. D., was a national bank allied with the defendant bank; the same man being president of both banks. While acting as executor of the Kelley estate, the defendant bank allowed funds of the estate to remain on deposit in said national bank, and from time to time deposited moneys of the estate in said national bank. Said national bank closed its doors on the same day as the defendant bank, and was immediately taken over by the Comptroller of the Currency.

At the time these two banks closed their doors funds of the Kelley estate were on deposit in said national bank in the sum of $4,023.57, and at that time the defendant bank had on deposit in said national bank the sum of $138,000 of the funds of the defendant bank.

The judgment of the trial court directs that the plaintiff's claim be paid out of any funds in the vault of the defendant bank at the time it closed, from the funds received or to be received from its deposits in the First National Bank of Mitchell, and from funds received or to be hereafter received from its cash deposits in other banks at the time it closed, except that, in case the funds derived from said sources shall be insufficient to pay all preferred claims, the plaintiff's claim shall be paid its pro rata share of the amount derived from said sources.

While appellants' counsel present and argue numerous assignments of error, we consider that all these may be brought within two definite contentions, as follows:

■ Appellants contend that the trial court erred in holding that the funds of the Kelley estate became a trust in the hands of the defendant bank, for the reason that it is admitted that this bank never deposited securities as required by law to authorize it to act as an executor or administrator, under the statutes relating to trust companies, and that therefore the bank was never legally authorized to act as executor in the matter of the Kelley estate.

The facts shown in this case do not require us to decide whether this bank could legally act as executor. Section 1189 of the revised Code of 1919 provides:

"Every one who voluntarily assumes a relation of personal

confidence with another is deemed a trustee within the meaning of this chapter, not only as to the person who reposes such confidence, but also as to all persons of whose affairs he thus acquires information which was given to such person in the like confidence, or over whose affairs he, by such confidence, obtains any control."

Section 1193, R. C., provides:

"One who wrongfully detains a thing is an involuntary trustee thereof, for the benefit of the owner."

And section 1194, R. C., provides:

"One who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act, is, unless he has some other and better right thereto, an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it."

So whether the defendant bank could legally assume the relation of executor, or whether it secured control of the property of the estate by the means enumerated in sections 1193 and 1194, supra, it was, in any event, a trustee for the benefit of the persons entitled to the property of the Kelley estate.

The trial court did not err in holding that the funds of the Kelley estate became a trust in the hands of the defendant bank.

Appellants further contend that, even if the funds of the estate are held to be a trust in the hands of the defendant bank, the trial court erred in directing that the several funds mentioned in the judgment should be charged with the payment of the claim.

It is the well-established law of this state that the amount due from a trustee to his trust estate is a preferred claim upon the cash in the hands of the trustee, and upon any property or funds of the trustee into which the money or property of the trust estate can be traced. Plano Mfg. Co. v. Auld, 14 S. D. 512, 86 N. W. 21, 86 Am. St. Rep. 769; Fergen v. Lonie, 51 S. D. 315, 213 N. W. 720; Birch v. International State Bank, 50 S. D. 60, 208 N. W. 167; McKeon v. Meade County Bank, 37 S. D. 100, 156 N. W. 795; Ind. School Dist. v. Smith, 50 S. D. 153, 208 N. W. 775; Clinton M. & M. Co. v. Trust Co., 35 S. D. 253, 151 N. W. 998, Fokken v. State Bank & Trust Co., 52 S. D. 342, 217 N. W. 512.

As to the funds in the First National Bank of Mitchell: The record shows that the defendant bank kept part of the money

of the trust estate in the national bank. It further shows that at certain times the defendant bank received moneys of the trust estate, and credited the amounts so received to its own account with the trust estate, and that on each occasion that this was done, either on the same day or the following day the defendant bank increased its own deposit with the national bank by an amount equal or in excess of the moneys of the trust estate so received. And the record further shows that, at all times material to the issues of this case, the defendant bank maintained in the national bank a credit in excess of the amount of the trust estate.

This constitutes a sufficient tracing of the estate moneys into the balance due to the defendant bank from the national bank, and the trial court rightly charged the credit in the national bank with the payment of this claim.

As to the provisions of the judgment charging deposits in banks other than the defendant bank and the First National Bank of Mitchell, with the payment of the respondent's claim: While the trial court made findings to support this provision of the judgment, the record submitted by the briefs contains no evidence to support such findings. Therefore we are constrained to decide that such findings are not supported by the evidence, and the judgment appealed from is in that respect erroneous.

The case is remanded to the trial court, with directions to modify its judgment in accordance with this opinion, and, as so modified, the judgment is affirmed.

BURCH, P. J., and POLLEY, SHERWOOD, CAMPBELL, and BROWN, JJ., concur.