NORTHWESTERN NATIONAL BANK OF MINNEAPOLIS, MINN., Respondent, v. JAMES VALLEY BANK, et al, Appellants.

(221 N. W. 82.)

(File No. 6217. Opinion filed September 29, 1928.)

*Roy E. Willy,* Special Counsel, Dept. of Banking and Finance, of Sioux Falls, and *Null & Royhl,* of Huron, for Appellants.
*Crawford & Crawford,* of Huron, for Respondent.

MISER, C. On December 28, 1923, the Northwestern National Bank of Minneapolis, respondent, forwarded to the James Valley Bank for collection and remittance a sight draft for $3,146,-56 on C. M. Urquhart of Huron. On December 31st, said Northwestern National Bank forwarded to said James Valley Bank another sight draft on the same drawee, for the sum of $2,601.55. On January 3, 1924, on presentation by the James Valley Bank, Urquhart paid said sight drafts by delivering to the James Valley Bank his checks for $5,748.11 on the National Bank of Huron. On January 4, 1924, when the Urquhart checks were cleared, the total of checks presented for clearance by the National Bank of Huron against the James Valley Bank exceeded by $1,495.23 the

total of checks presented for clearance by the James Valley Bank against the National Bank of Huron. This deficiency in the clearance settlement of that day was paid by the James Valley Bank to the National Bank of Huron. On January 5, 1924, the James Valley Bank forwarded to the Northwestern National Bank two drafts on the Continental & Commercial National Bank of Chicago for the aggregate amount of such collection. These drafts were received by the Northwestern National Bank on the 7th day of January, 1924, and were presented by it for payment at the Continental & Commercial National Bank on January 8, 1924. Payment was refused for want of funds of the drawer to meet them. On January 8, 1924, the James Valley Bank suspended business and delivered its assets to the superintendent of banks, appellant herein, for liquidation. Thereafter, on presentation, the superintendent of banks rejected the claim of respondent as a preferred claim, but allowed it as a common claim.

In an action to have said claim declared preferred, the trial court found the facts as aforesaid, and adjudged said claim entitled to be paid as a preferred claim. The sole question on this appeal is whether, under the findings, respondent's claim is entitled to preference. Appellant did not deem any settled record to be necessary, and none was presented. Respondent, in its brief, calls attention to certain matters of evidence which, according to respondent, furnish the basis for the following findings of the trial court:

"The court further finds that, on the 8th day of January, 1924, when the James Valley Bank closed its doors and delivered its assets to the superintendent of banks, the aforesaid $5,748.11, received for remittance to the Northwestern National Bank, was included as a part of the cash assets so delivered to said superintendent; and, by including it, the cash assets of said bank was augmented to the extent of said sum."

The court also found that the cash payment of $1,495.23, made by the James Valley Bank to the National Bank of Huron, in making clearance settlement on January 4, 1924—
"would have been increased by the sum of $5,748.11 had the James Valley Bank not been credited by that sum as payment of the Urquhart checks in the clearance of the day's business; and the cash on hand in the James Valley Bank thereby would have been

reduced by the sum of $5,748.11, which it was thus able to retain and did retain for the sole purpose of remitting the same to the Northwestern National Bank of Minneapolis, as the forwarder of said drafts and bills of lading, and for no other purpose."

This latter finding is somewhat of the nature of a conclusion; and, in view of the positive findings made, the conclusion would seem more naturally to follow that the proceeds of the collections were used to pay debts of the bank. Indeed, instead of the money collected on these sight drafts being mingled with and constituting a part of the cash on hand when the James Valley Bank was closed, the court has found with sufficient definiteness that this was not done; and this finding is supported by the evidence to which respondent refers in its brief.

 This court has heretofore held that mere augmentation of assets of a bank to the aggregate amount of collections made is not enough to entitle the owner of the paper collected to a preference. See Birch v. International State Bank, 50 S. D. 60, 208 N. W. 167, in which prior decisions are reviewed. See, also, Ind. School Dist. v. Smith, 50 S. D. 153, 208 N. W. 775; Fergin v. Lonie, 51 S. D. 315, 213 N. W. 720; Farmers' Sav. Bank v. Bergin, 52 S. D. 1, 216 N. W. 597; Fokken v. State Bank & Trust Co., 52 S. D. 342, 217 N. W. 513; Colteaux v. First Trust & Savings Bank, 52 S. D. 443, 218 N. W. 151. It is indispensable to a right to a preference that there be a right of property in present assets; in other words, that the proceeds of the collection be traced to a specific fund or into specific property that came into the hands of the superintendent of banks. Ind. School Dist. v. Smith, supra. In the case at bar, instead of definitely tracing the proceeds of the collection into the coffers of the bank, the findings clearly show that the proceeds of the collection have been used at the clearing house to pay the debts of the collecting bank.

No useful purpose would be served in restating the law as contained in the decisions of this court hereinbefore cited. Its application to the facts of the case at bar requires that the judgment appealed from be, and it is, reversed, with directions to dismiss the action on its merits.

BURCH, P. J., and SHERWOOD, CAMPBELL, and BROWN, JJ., concur.

POLLEY, J., dissents.