BIRCH, Receiver, Respondent, v. INTERNATIONAL STATE BANK et al, Appellants.

(208 N. W. 167.)

(File No. 6028.   Opinion filed April 5, 1926.)

1.   Banks and Banking—Trusts—Mere Existence of Relation of Principal and Agent Did Not Entitle Forwarding Bank to Preference for Amount of Collections on Collecting Bank's Insolvency.

Mere fact relation of principal and agent existed between bank forwarding check for collection and collecting bank did not entitle forwarding bank to preference for amount of collections, on collecting bank's insolvency.

2.   Banks and Banking—Trusts.

To establish preferential claim by a cestui que trust against funds in hands of receiver of insolvent bank, claimant must trace funds into receiver's hands.

3.   Banks and Banking—Trusts—Where Clearing House Balances Were Against Bank on Days When It Collected Checks for Plaintiff, Held Proceeds of Collections Never Reached Bank, and Fiction Respecting Trust Fund Was Inapplicable and Plaintiff Not Entitled to Preference.

Where defendant bank's clearing house balance on each day when it collected checks for plaintiff bank was against it, so that no money actually went to bank, but rather a sum was required to be paid each day to balance its account,, held proceeds of such collections never reached bank's vault, but were used to pay bank's debts, and fiction that bank used its own money to pay debts and residue in vaults turned over to superintendent of banks represented trust fund was inapplicable, and plaintiff not entitled to preferred claim for amount of such collections.

Note.—See, Headnotes (1), (2) and (3), American Key-Numbered Digest, Banks and banking,, Key-No. 80(7), 7. C. J. Sec. 548.

Identifying misapplied trust funds to follow and recover them, see note in L. R. A. 1916C, 21.

Appeal from Circuit Court, Minnehaha County; Hon. John T. Medin. Judge.

Action by H. H. Birch, receiver in charge of the First National Bank of Jasper, Minn., against the International State Bank and another. From a judgment for plaintiff, and order denying a new trial the defendants appeal. Judgment and order reversed.

*Bielski, Elliott & Marker,* of Sioux Falls, for Appellants.
*Waggoner & Stordahl,* of Sioux Falls, for Respondent.

GATES, P. J. This is an action to establish a preferred claim against an insolvent bank.

January 12, 1924, the First National bank of Jasper, Minn., sent to defendant bank for collection checks on Sioux Falls banks aggregating $793.72. These were cleared through the Sioux Falls clearing house on January 14, 1924. On January 15 defendant bank mailed to the Jasper bank a cashier's check for the amount. January 15, 1924, the Jasper bank sent to defendant bank for collection a check for $204.61 drawn on a Sioux Falls bank. This was cleared through the clearing house on January 17, 1924. On January 18 defendant bank mailed to the Jasper bank a Chicago draft for the amount.

January 16, 1924, the Jasper bank sent to defendant bank for collection two checks on Sioux Falls banks aggregating $530.74. These were cleared through the clearing house on January 18. No remittance of this was made, but later the Jasper bank was notified that defendant bank held that amount to its credit by reason of such collection. January 19, 1924, defendant bank was found to be insolvent and taken over by the superintendent of banks, and still is in such charge. Payment of the cashier's check and of the Chicago draft above mentioned was refused. The trial court awarded plaintiff a preferred claim against the cash assets of defendant bank at the time it closed pro rata with other preferred claims for the aggregate amount of the above three collections and a general claim for the residue. The superintendent of banks appeals from the judgment and from an order denying a new trial.

On each of the days, January 14, 17 and 18, the amount of defendant bank's clearances in its favor through the clearing house was less than the amount of the clearance against it, so that

on each of said days it paid to the clearing house a large sum of money to balance its account. It is thus clearly shown that the proceeds of these collections were used to pay its debts to other depositors, and no money actually came into the hands of the defendant bank as the result of such collections. Under such circumstances is the Jasper bank entitled to a preferred claim?

[1]  For the purposes of this case it may be conceded, without deciding, that the relation of principal and agent existed between the two banks, but that is not enough to entitle plaintiff to a preference. Was the trial court right in concluding that a right of preference existed because the assets of the bank were enhanced and increased to the aggregate amount of the collections?

It is urged by respondent that the proceeds of the checks went into an agency of the defendant bank, to wit the clearing house, and that it would make no difference whether such proceeds were actually delivered-into the vault of defendant. That suggestion loses sight of the rule in respect to the tracing of such proceeds in the case of an insolvent bank.

[2]  In Empire State Surety Co. v. Carroll County, 194 F. 593, 114 C. C. A. 435, the Circuit Court of Appeals of this circuit laid down the following rules:

"(1)  It is indispensable to the maintenance by a cestui que trust of a claim to preferential payment by a receiver out of the proceeds of the estate of an insolvent that clear proof be made that the trust property or its proceeds went into a specific fund or into a specific identified piece of property which came to the hands of the receiver, and then the claim can be sustained to that fund or property only and only to the extent that the trust property or its proceeds went into it. It is not sufficient to prove that the trust property or its proceeds went into the general assets of the insolvent estate and increased the amount and the value thereof which came to the hands of the receiver (citing a long list of cases).

"(2)  Proof that a trustee mingled trust funds with his own and made payments out of the common fund is a sufficient identification of the remainder of that fund coming to the hands of the receiver, not exceeding the smallest amount the fund contained

subsequent to the commingling * * * as trust property, because the legal presumption is that he regarded the law and neither paid out nor invested in other property the trust fund, but kept it sacred."

To the same effect are Board of Comm. v. Strawn (6th Circuit) 157 F. 49, 84 C. C. A. 553, 15 L. R. A. (N. S.) 1100, and Macy v. Roedenbeck (8th Circuit) 227 F. 346, 142 C. C. A. 42, L. R. A. 1916C, 12, and see notes on the last citation on page 21.

In Kimmel v. Dickson, 58 N. W. 561, 5 S. D. 221, 25 L. R. A, 309, 49 Am. St. Rep. 869, the sum of $265 had been left with the bank to be delivered to another upon presentation of a deed to real property, but the bank wrongfully entered it as a deposit. Before the deed was presented the bank failed, and the receiver took over the assets, including $259.71 in cash. The claim was allowed as a preferred claim to the latter amount. The court said:

"It is not claimed that the $259 found in the bank's vault when it failed is the very money, or a part of it deposited by Kimmel, and it is not necessary that it should be so. If the money delivered to the bank had been used by it in its business it had presumably either paid its debts pro tanto, or increased its assets; and the general creditors of the bank would be in the same condition if the money found in its possession were paid over in execution of the trust as though the money deposited had been kept separate, and the identical money received had been so paid over."

In Plano Mfg. Co. v. Auld, 86 N. W. 21, 14 S. D. 512, 86 Am. St. Rep. 769, there were several claimants claiming a preference by reason of collections made by the bank exceeding in the aggregate the amount of the cash in the bank at the time it failed. On the one hand, the claimants asserted that they were entitled to the full amount of their claims against the general assets of the bank. On the other hand, the receiver maintained that the mere relation of debtor and creditor existed between the bank and the claimants. The trial court awarded the claims as preferred claims ratably against the cash that came to the receiver when the bank closed and as common claims for the residue. That disposition was affirmed by this court, saying:

"A presumption governing modern courts in tracing a trust fund wrongfully mingled by a trustee with his own funds, out of

which aggregate he has made disbursements in the due course of business, is that he used his own money in preference to embezzling that of others. * * * Applying that doctrine to this case, the inference must prevail that the remaining money, which passed into the hands of the receiver, belongs to the persons for whom collections were made, and should be restored to them according to the principles of equity and good conscience."

In Clinton M. & M. Co. v|. Trust Co., 151 N. W. 998, 35 S. D. 253, relief to a trust claimant was denied because it could not trace its property into any specific fund or property. In particular this court negatived a preference against the general assets of the estate under the claim that the proceeds of the trust had indirectly augmented the mass of the estate.

In McKeon v. Meade County Bank, 156 N. W. 795, 37 S. D. 100, it was held that the claimant was—

"entitled to have the amount of such judgment adjudged a preferred claim payable pro rata with other unpaid preferred claims, and out of the moneys on hand in said bank when such bank was taken over by defendant Wingfield, less such sums, if any, that had been properly paid out of such moneys prior to the commencement of this action."

In Slimmer & Thomas v. Meade County Bank, 161 N. W. 325, 38 S. D. 311, the bank was held to be an involuntary trustee, and claimant was awarded " a preferred claim under the statute." Upon rehearing, Id., 162 N. W. 536, 39 S. D. 8, the judgment was modified by awarding claimant, with others, payment out of the assets of the bank pro rata. The amount of the cash in the bank at the time it closed does not appear, nor was any question raised as to the sufficiency thereof to pay preferred claims. That opinion should not be taken as an authority for the proposition that the trust attached to anything more than the money on hand at the time the bank failed. It will thus be seen that the decisions of this court are in harmony with the rule of tracing proceeds announced in the foregoing federal citations.

The following cases hold that the proceeds of collections are not traced into the coffer of the bank, where in settlements made through a clearing house the day's balance is against the bank. In re Seven Corners Bank, 59 N. W. 633, 58 Minn. 5, In re Re-

ceivership of Bank of Minn. (City of St. Paul v. Seymour), 74 N. W. 136, 71 Minn. 303, and Willoughby v. Weinberger, 79 P. 777, 15 Okl. 226.

And also in Empire State Surety Co. v. Carroll County supra, the court said:

"Again, checks of third parties deposited with a bank credited to the depositor and collected through a clearing house lay no foundation for a preferential payment, in the absence of proof of the actual balance of cash the bank received on account of them, for they may have been and usually are used in whole or in part to discharge the debts of the bank."

[3] It seems clear to us that the proceeds of the collections in the present case were used at the clearing house to pay debts of the bank to its depositors, and that because upon each day's business the clearing house balance was against defendant bank no money actually went to the bank upon these collections. That being so, the cash in the bank which was turned over to the superintendent of banks did not represent those collections. There is no room, therefore, for applying the fiction of law that the bank used its own money in paying its debts, and that the residue in its vaults represents the trust fund, or what is left of it. Respondent was clearly not entitled to a preferred claim.

The judgment and order appealed from are reversed.

MISER, Circuit Judge, sitting in lieu of SHERWOOD, J.