WYCKOFF, Respondent, v. GEISLER, Appellant.

(213 N. W. 362.)

(File No. 6455.   Opinion filed April 23, 1927.)

1.  **New Trial—Elections—Motion For New Trial Was Superfluous, In Election Contest Case Tried On Agreed Statement of Facts.**

    Motion for new trial was wholly superfluous, in election contest case tried upon an agreed statement of facts adopted by the trial court.

2.  **Elections—Newspaper Publication by Candidates for Sheriff That He Would Not Claim for Himself Delinquent Tax Penalties Held Not Violation of Election Laws (Rev. Code 1919, §§ 7371-7384, and 7374, As Amended by Laws 1921, c. 220).**

    The publication in newspaper before election of signed statement by candidate for sheriff that he would not claim for himself penalties collected on delinquent property taxes was not a violation of Rev. Code 1919, §§ 7371-7384, relating to elections, particularly section 7374, as amended by Laws 1921, c. 220, prohibiting candidates from promising anything of value to any person for services on election day, and office would not for that act be declared vacant, under section 7380.

---

Note.—See, Headnote (1), American Key-Numbered Digest, New trial, Key-No. 301, 29 Cyc. 740.   Appeal and error, 3 C. J. Sec. 854; (2) Elections, Key-No. 317, 20 C. J. Sec. 410 (Anno).

For procedure and forms in election contests, see Bancroft's Code Practice and Remedies, Vol. 4, pg. 3778.

Appeal from Circuit Court, Brown County; Hon. ROBERT D. GARDNER, Judge.

Election contest by T. C. Wyckoff against L. B. Geisler, as Sheriff of Brown County. From a judgment declaring the office vacant, defendant appeals. Reversed and remanded, with direction.

*McNulty, Williamson & Smith,* of Aberdeen, for Appellant.

*Campbell & Fletcher,* of Aberdeen, for Respondent.

GATES, J. This is an election contest, brought for an alleged violation of chapter 17 of part 12 of title 6, Rev. Code 1919, viz., sections 7371-7384. Section 7380 provides:

*"When Office Declared Vacant.*—Any person elected to any office, who shall be proven in a contest of such election or in any other manner provided by law to have violated any provision of this chapter, shall forfeit his office, and such office shall be declared vacant and shall be filled in the manner provided by law for filling vacancies occasioned by death or resignation."

[1] Defendant was held to have forfeited the office of sheriff of Brown county, to which office he had been given a certificate of election pursuant to the general election of 1926, and the office was declared vacant. From the judgment and order denying new trial defendant appeals. A motion for a new trial in this case was wholly superfluous because the case was tried upon an agreed statement of facts adopted by the trial court.

[2] Both plaintiff and defendant were candidates for the nomination for that office in the Republican party primary held in March, 1926. In February, 1926, the following statement was signed by defendant, left by him at the office of the American News Company, and published by said company in the Aberdeen Daily News:

"2/18/26.

"I do not now and never have believed county sheriffs were entitled to keep penalties collected on delinquent property taxes, and, if elected sheriff of Brown county, I pledge myself to turn in to the county treasurer all such penalties collected by me, and further agree to make no claim for them at any time in the future.                                        Lou B. Geisler."

At the time of the above publication, there was a dispute as to whether a sheriff could retain, in addition to the statutory salary, fees for collecting delinquent personal property taxes. The Attorney General had ruled that he could not, and the circuit court of

Brown county had ruled that he could, which ruling was appealed from. Defendant secured the Republican party nomination. Plaintiff did not contest the primary election, but at the general election was an independent candidate for the office. Again defendant defeated plaintiff; this time by nearly a two to one vote.

The only section of said chapter 17 which it is, or could be, claimed was violated by defendant under the agreed statement of facts is section 7374, as amended by chapter 220, Laws 1921, which reads as follows:

"It shall be unlawful for any political committee, candidate or other person to hire, or to lend or to pay, or to promise to pay, any money or to give, or promise to give, anything of value to any person to work at the polls on any election day in the interest of any party, or candidate. It shall be unlawful for any political committee, candidate or other person to lend or pay, or promise to pay, any money or to give, or promise to give, anything of value to any person for work or services on election day, in endeavoring to influence or procure any person to come to or remain away from the polls.

"It shall be unlawful for any political committee, candidate or other person to lend or pay, or promise to pay, any money or to give, or promise to give, anything of value to any person for work or services on election day in endeavoring to influence or procure any other person to vote or refrain from voting for any candidate or candidates. No sum of money shall be paid and no expense shall be authorized or incurred by or on behalf of any candidate for any public office or position in the state except such as may be paid or incurred in connection with the printing or circulation of written or printed matter, in excess of 50 per cent of one's year's salary or compensation of the office for which candidate is an aspirant. No sum of money shall be paid and no expense shall be authorized or incurred by or on behalf of any political party or organization, to promote the success of any candidate for public office or position in this state contrary to the provisions of this chapter; and no candidate for public [office] shall spend any sum of money directly or indirectly to promote the success or defeat of any constitutional amendment, initiated measure or referred law."

A careful analysis of each sentence of that section fails to disclose a possible violation by the above publication. It is said that the trial court, in rendering judgment, relied upon the decision in Kundert v. City of Madison, 39 S. D. 43, 162 N. W. 898, but that decision was avowedly based upon the provisions of chapter 203, Laws 1913, and at that time section 1 of that act was in force. While the present Code section 7374 was taken from section 2 of said chapter 203, section 1 of that chapter was not carried into the Revised Code of 1919 by the Code Commission.

Therefore, assuming, without deciding, that the word "penalties" in the above published notice was intended by defendant to means, or include, "fees," and assuming, without deciding, that a contest after the general election can be instituted based upon an offense committed only prior to the primary election, yet we find nothing in the case to bring it within the provisions of said chapter 17; viz., sections 7371-7384, Rev. Code 1919, and therefore, according to the provision of section 7380 above quoted, there is no groundwork for the judgment. If the alleged offense was, in fact, a criminal offense, the result obtained by the judgment could, no doubt, have been reached by criminal prosecution, but the above publication does not furnish a basis for this election contest.

The judgment is therefore vacated and the cause is remanded to the trial court, with direction to dismiss the proceeding, with costs both here and there to defendant.

POLLEY, SHERWOOD, and BURCH, JJ., concur.

CAMPBELL, P. J., not sitting.