FARMERS' STATE BANK OF DANVERS, ILLINOIS,
Respondent, v. SMITH, State Superintendent of
Banks, Appellant.

(222 N. W. 143.)

(File No. 6448. Opinion filed December 4, 1928.)

*Hitchcock & Sickel,* of Mitchell, for Appellant.
*Danforth & Seacat,* of Alexandria, for Respondent.

BROWN, J. In May, 1923, plaintiff sent to Farmers' &
Merchants' State Bank of Farmer, S. D., a note and mortgage for
$6,520 for collection, with directions to remit the proceeds "in Chi-
cago exchange." In December, 1923, the Farmer bank collected
the $6,818.92 due on the note through the Commercial & Savings
Bank of Sioux Falls, with which it had an account, and the Sioux
Falls bank credited the amount to the account of the Farmer bank.
That bank from time to time checked out of the account until

January 24, 1924, when it failed and was taken over by the superintendent of banks for the purpose of liquidation, at which time there was a balance of only $1,576.44 in its account with the Commercial & Savings Bank, and it owed that bank $24,875.

After repeated demands by letter and telegram, made upon it by the Danvers bank, the Farmer bank sent to the Danvers bank a demand certificate of deposit issued by itself for $6,808.92, making a deduction of $10 for its services. The Danvers bank promptly put the certificate in the process of collection, but realized nothing. The Danvers bank then filed with the superintendent of banks a claim for $6,818.92 as a preferred claim, which was rejected, but allowed as a common claim, and notice of rejection was mailed by the superintendent of banks to the Danvers bank on January 5, 1925.

This action, to have plaintiff's claim allowed as a preferred claim, was commenced on May 11, 1925. From a judgment in favor of plaintiff, and an order denying a new trial, defendant appeals.

Rev. Code 1919, § 8933, provides that an action upon a rejected claim must be brought within three months after service of notice of rejection, and defendant contends that the allowance of the claim as a common claim, but the rejection of the claim for preference, was the rejection of a claim upon which suit must be brought within three months from the date of its rejection, and that, this not having been done, plaintiff's claim for preference is barred.

We do not find it necessary to pass upon the contention of the respective parties on this point, because the decision of the trial court must be reversed upon the merits. Plaintiff has failed, either actually or by presumption of law, to trace any funds belonging to it into the assets of the Farmer bank at the time of its suspension. The collection was made through the Commercial & Savings Bank of Sioux Falls, and the money placed on deposit there to the credit of the Farmer bank. Between the time it was so placed and the date of the suspension of the Farmer bank that bank had used up the entire amount, so that none of the credit of the Farmer bank with the Commercial & Savings Bank of Sioux Falls at the time of the suspension represented any part of the money collected on the note and mortgage of plaintiff. This is clearly shown by the

undisputed testimony of the president of the Farmer bank. He testified that the proceeds of the collection, deposited in the Commercial & Savings Bank in Sioux Falls, was all used up in paying out checks and drafts of the Farmer bank in the clearance. Plaintiff was, therefore, not entitled to preference. Birch v. International State Bank, 50 S. D. 60, 208 N. W. 167.

There is no evidence to justify the decision and judgment of the court that plaintiff is entitled to a preferred claim, to be paid pro rata with other preferred claims out of cash on hand in, or on deposit and due from other banks to the Farmer bank. The judgment and order appealed from are reversed, and the cause remanded with directions to dismiss the complaint on the merits.

BURCH, P. J., and SHERWOOD and CAMPBELL, JJ., concur.

POLLEY, J. (concurring specially). I agree to the dismissal of the action on the ground that it was barred by the three months limitation statute, but I think plaintiff would be entitled to recover on the merits, were the action not barred.