MILLIGAN, et al, Respondents, v. FIRST STATE BANK OF BARNARD, et al, Appellants.

(226 N. W. 747.)

(File No. 6654. Opinion filed September 20, 1929.)

*James M. Brown,* of Aberdeen, and *T. B. Thorson,* of Pierre, for Appellant.

*James J. Fitzpatrick,* of Aberdeen, for Respondents.

CAMPBELL, J.   Plaintiffs were the owners of certain real estate in the vicinity of Barnard, S. D., and authorized the First State Bank of Barnard to collect and remit to them certain rentals, and to sell certain grain and remit the proceeds to plaintiffs. . The facts in this case were stipulated, and it may be conceded, for the purposes of this opinion, that the circumstances were such that, in exercising said authority to collect such rentals and proceeds of grain, the First State Bank of Barnard was the agent of plaintiffs under a duty to collect and remit, and that plaintiffs never consented that the relation of debtor and creditor should arise between the Barnard bank and themselves in reference to such transactions. The tenant, who paid the rentals to the Barnard bank as agent for Milligan brothers, made such payment by means of a check drawn against the tenant's account in said Barnard bank, and the elevator company, who made payment to the Barnard bank as agent for plaintiffs ' for grain owned by plaintiffs, made such payment by means of check drawn against the elevator's account in the Barnard bank.   The checks aggregated approximately $800.   At the time the checks were drawn the respective drawers had credit with the Barnard bank upon open checking account to an amount in excess of the amount of the checks, and the Barnard bank had cash in vault in the amount of approximately $1,800, and continued to have that amount on hand at all times until it closed for liquidation on June 21, 1926. Upon receiving the checks aforesaid the Barnard bank charged the same against the accounts of the respective drawers, but, instead of taking from the $1,800 cash in vault the amount called for in the checks and remitting the same to plaintiffs, as it should have done, the Barnard bank, without right or authority, opened an account on its books in the name of plaintiffs, and credited that account with the amount of such checks, and the matter continued in that status until the closing of the bank for liquidation. Plaintiffs had not authorized the creation of any such deposit, nor consented thereto, and in fact did not have knowledge thereof until after the closing of the bank, and unquestionably, as between said bank and the plaintiffs, the conduct of the bank was wrongful and in gross violation of its duty as agent for the plaintiffs.

After the closing of the bank, plaintiffs filed with the superintendent of banks their claim for the amount of said rentals and proceeds of grain aforesaid (less certain expense items which the Barnard bank was admittedly entitled to deduct therefrom prior to remittance), the total amount of the claim after such deduction being $678.46, and sought allowance thereof as a preferred claim. The superintendent of banks allowed the claim, but refused to allow it as a preferred claim. Whereupon plaintiffs instituted this action seeking to establish the preference. The learned trial judge found the material facts substantially as above outlined, pursuant to stipulation, and thereupon made conclusions of law and entered judgment allowing plaintiffs the preference they sought, from which judgment the superintendent of banks has appealed.

The sole question presented is whether or not, under the circumstances above set out, respondents are entitled to a preference. We are of the opinion that they are not. This court is committed to the federal rule that, in order to establish a preference in such cases, the trust relationship must first be established, and further it must be proved, not merely that trust property went into the general assets of the insolvent bank, and thereby increased the amount and value thereof coming to the hands of the receiver, but that the trust property or its proceeds went into a specific fund, or into a specific identified piece of property, which is traceable into actual assets in the hands of the receiver. Birch v. International State Bank, 50 S. D. 60, 208 N. W. 167; Farmers' Savings Bank v. Bergin, 52 S. D. 1, 216 N. W. 597. See, also, Board of Commissioners v. People's Bank (N. M. 1929) 279 P. 60.

Conceding in this case that the circumstances were such that a trust relationship arose between respondents and the bank as to anything that the bank received in behalf of the respondents, it does not appear that any part of the cash in the bank, when taken over by the superintendent, or any other asset coming into the superintendent's hands, was in fact received by the bank as agent of respondents. No one paid any actual money to the bank as agent of respondents. The bank, as agent of respondents, received merely written orders upon itself for the payment to respondents pro tanto of a debt owed by the bank to the drawers of the orders. Instead of complying with said orders, the bank merely debited the accounts of the drawers thereof and credited the respondents. So far

as concerns the actual cash assets of the bank which came to the hands of the superintendent of banks, they were neither increased nor depleted. The bank simply juggled credits. The cash in vault, which subsequently came into the hands of the superintendent of banks, was in no manner augmented. A mere bookkeeping trans fer was made, and while, as between the bank and respondents, the bank was not authorized to make such transfer, nevertheless the fact remains that neither respondents nor any one for them put into the vaults of the bank any part of the $1,800 which was there when the superintendent of banks took over the assets. See Beard v. Independent District, 88 F. 375, 31 C. C. A. 562; Empire Surety Co. v. Carroll County, 194 F. 593, 114 C. C. A. 435; Mechanics & Metals Nat. Bank v. Buchanan (C. C. A. 8th Circuit) 12 F.(2d) 891; Larabee Flour Mills v. First National Bank (C. C. A. 8th Circuit) 13 F.(2d) 330.

We are therefore of the opinion that respondents are not entitled to a preference upon their claim, and the judgment appealed from is reversed, and the cause remanded, with directions to enter judgment upon the findings in harmony with this opinion.

BURCH and BROWN, JJ., concur.

SHERWOOD, P. J., not sitting.

POLLEY, J. (dissenting). Under the facts as stated in the majority opinion, I think the plaintiffs are clearly entitled to a preference.