BOGUE, Appellant, v. TAYLOR, et al, Respondents.

(250 N. W. 58.)

(File No. 7554. Opinion filed September 19, 1933.)

*Everett A. Bogue,* of Parker, for Appellant.

*Payne & Olson,* of Vermillion, for Respondents.

ROBERTS, J. The facts are not in dispute. Two checks were issued by the Meckling independent consolidated school district, payable to the plaintiff and drawn upon the Bank of Meckling in payment of school warrants held by the plaintiff. The checks were deposited by the payee for collection and credit with the Parker State Bank, Parker, S. D. In due course the checks

were transmitted to the Federal Reserve Bank of Minneapolis. On receipt of the checks the latter bank forwarded them direct to the drawee bank accompanied by a letter of instruction that the items were for "collection and return." The drawee bank debited the account of the school district and remitted to the Federal Reserve Bank a draft drawn on the First National Bank of Sioux City, Iowa. Neither at the time of presentment of the checks nor at any subsequent time did the bank receive from the district any additional funds for the payment of the checks. When the draft was presented to the First National Bank of Sioux City, Iowa, payment was refused and protest was made because of the failure of such bank, and thereafter and before payment of the draft the Bank of Meckling became insolvent and suspended operation. The drawer of the checks had at all times sufficient credit to cover the amount of the checks and the drawee bank had sufficient cash to have paid the checks when they were received. The plaintiff instituted this action to establish his claim to a trust fund from a part of the cash assets of the bank in possession of the defendants. The trial court made findings and entered judgment in favor of the defendants, and plaintiff appeals from the judgment..

■■ We may assume for the purposes of this decision that a trust relationship existed between the plaintiff and the insolvent Bank of Meckling. A cestui que trust is entitled to a judgment for the money or property which he has traced and identified; the existence of the trust relationship does not of itself entitle him to preference over general creditors, Fokken v. Smith, 58 S. D. 124, 235 N. W. 120. To entitle a claimant to a judgment for the recovery of a trust fund against a receiver of an insolvent bank, it must be established that the trust property or its proceeds passed into the possession of the receiver in augmentation of the assets of the bank. Milligan v. First State Bank of Barnard, 55 S. D. 528, 226 N. W. 747.

■■ Plaintiff contends that the assets of the Bank of Meckling were augmented; that when the bank received the checks drawn upon itself it was the duty of the bank to collect the amount of the checks and remit to its principal; that when the checks were paid and canceled the bank, having sufficient cash with which to pay, had in contemplation of equity a trust fund equivalent to the amount of the face of the checks; and that the assets of the bank

were augmented by the amount which in contemplation of equity was allocated to the payment of the checks. Among decisions that support this view are Skinner v. Porter, 45 Idaho, 530, 263 P. 993, 73 A. L. R. 59; State ex rel Sorenson v. Nebraska State Bank, 120 Neb. 539, 234 N. W. 82; Goodyear Tire & Rubber Co. v. Hanover State Bank, 109 Kan. 772, 204 P. 992, 21 A. L. R. 677; Hawaiian Pineapple Co. v. Browne, 69 Mont. 140, 220 P. 1114. Such, however, is not the law in this state; the shifting of credits on the books of an insolvent bank does not increase its assets. Birch v. International State Bank, 50 S. D. 60, 208 N. W. 167; Farmers' State Bank v. Smith, 53 S. D. 641, 222 N. W. 143; Milligan v. First State Bank, supra; Hornick, More & Porterfield v. Farmers' & Merchants' Bank, 56 S. D. 18, 227 N. W. 375, 82 A. L. R. 16.

The rule and the reason therefor are fully considered in the cases cited and need not be restated. The decisions are controlling herein and sustain the trial court in rendering judgment for the defendants.

The judgment appealed from is therefore affirmed.

RUDOLPH, P. J., and CAMPBELL and WARREN, JJ., concur.

POLLEY, J., dissents.