OLD COMPANY'S LEHIGH, INC. *v.* MEEKER,
RECEIVER, ET AL.

No. 340. Argued January 17, 1935.—Decided February 4, 1935.

*Mr. Israel H. Mandel,* with whom *Mr. Joseph G. M. Browne* was on the brief, for petitioner.

*Mr. George P. Barse,* with whom *Messrs. John F. Anderson, Humphrey J. Lynch,* and *F. G. Awalt* were on the brief, for respondents.

Mr. Justice Cardozo delivered the opinion of the Court.

The controversy here, like the one in No. 338, decided herewith, *ante*, p. 216, grows out of an attempt by the owner of negotiable paper to impress a trust upon the assets of an insolvent national bank to which the paper had been forwarded for the purpose of collection.

The complaint, which is in three counts, is brought before us by a motion to dismiss, which is equivalent to a demurrer.

According to the first cause of action, plaintiff, a New Jersey corporation, the petitioner in this court, was the owner of a promissory note for $3,000, made by R. G. Brewer, Inc., to the order of the plaintiff, and payable on January 16, 1933, at the office of the First National Bank of Mamaroneck, a corporation organized under the national banking act. This note the plaintiff deposited on January 12, 1933, in a bank in Philadelphia, which forwarded it through other banks to the bank in Mamaroneck for collection from the maker. R. G. Brewer, Inc., the maker, had an account at the First National Bank of Mamaroneck with a credit balance on the books of the bank in excess of the amount owing on the note. On January 14, 1933, it delivered to the bank a check upon that account for $3,015, and received back the note, which was surrendered as paid. On January 16, 1933, the next business day, the Mamaroneck bank, being insolvent, was closed by the Comptroller of the Currency without remitting or accounting for any proceeds of collection. The plaintiff claims the benefit of a trust upon the assets in the hands of the receiver.

The second cause of action is the same as the first with these additional allegations: The bank in Mamaroneck knew itself to be insolvent on January 14, 1933, when the plaintiff's promissory note was accepted for collection.

R. G. Brewer, Inc., whose treasurer (R. G. Brewer) was a director and managing officer of the bank, also knew of the insolvency and of the impending liquidation. What was done in the acceptance of the check and the surrender of the note two days before maturity was the product, so it is charged, of a conspiracy to release the Brewer corporation from liability and thus defraud the plaintiff.

The third cause of action goes upon the theory that the note was not discharged or canceled but is in the possession of the receiver, who should be directed to return it.

The Circuit Court of Appeals affirmed a judgment of dismissal as to the first and second causes of action, holding the plaintiff to be a general creditor without title to a preference. As to the third cause of action, the allegations were found sufficient on their face to put the parties to their proofs, and to that extent only the dismissal was reversed. 71 F. (2d) 280. A writ of certiorari brings the case here. The third cause of action is not before us, the receiver having acquiesced in the judgment of the court below. The causes of action to be considered are the first and second.

What was done by the Mamaroneck bank on January 14, 1933, did not involve in its doing the creation of a special deposit or an augmentation of the assets. What was done had no effect except to diminish liabilities by reducing the indebtedness due to a depositor. *Jennings* v. *United States Fidelity & Guaranty Co., ante,* p. 216. The petitioner insists that the transaction must be viewed as if Brewer, the depositor, had withdrawn $3,015 in coin or other currency, and had paid it back to the bank to apply upon the note. But that is not what happened. The bank, aware of its insolvency, might have been unwilling to pay out the coin, even if Brewer had demanded it, when the effect of the payment would have been to prefer one creditor over others. R. S. § 5242; 12 U. S. C. § 91; *National Security Bank* v. *Butler,* 129 U. S. 223;

*McDonald* v. *Chemical National Bank,* 174 U. S. 610, 618; *Roberts* v. *Hill,* 24 Fed. 571. Brewer, equally aware of the insolvency, might have been unwilling to return the coin if once he held it in his grasp and had the power to retain it. Moreover, the note had not matured, and there was no duty to pay or to collect in advance of its maturity. We indulge in nothing more than guesswork when we assume that the transaction would have been carried through at all if bank or depositor had insisted that it receive another form. Cf. *Hecker-Jones-Jewell Milling Co.* v. *Cosmopolitan Trust Co.,* 242 Mass. 181, 187; 136 N. E. 333. Form is closely knit to substance when a bank, at the end of its resources, is about to close its doors.

The argument is made that the agent for collection was guilty of a wrong in accepting payment through the medium of a check upon itself with knowledge at the time that insolvency was imminent. If this be so, the wrong does not avail to charge a trust upon the assets whereby the plaintiff will have a preference over the creditors at large. A cause of action for damages may exist, upon which the plaintiff, making proper proof, will be entitled to a dividend. There may also be a cause of action for the return of the canceled note, or for a dividend upon the value if return is found to be impossible. Liabilities such as these have their origin and measure in the loss suffered by the claimant, the owner of the paper transmitted for collection. They do not correspond to equivalent increments of value in the assets that are left in the hands of the receiver.

By an amendment of the Negotiable Instruments Law (Consolidated Laws of New York, c. 38; Article 19A, §§ 350 to 350 (1)), New York has adopted the Uniform Bank Collection Code, which has already been considered by this court in a case arising in Indiana. *Jennings* v.

*United States Fidelity & Guaranty Co., supra.* Section 350(1) of the code is to the effect that in the event of insolvency a creditor in the situation of the plaintiff shall be entitled to a preference. As applied to a national bank the preference is unlawful. *Jennings* v. *United States Fidelity & Guaranty Co., supra.*

The decree should be affirmed, and it is so ordered.

*Affirmed.*