PIERCE *v.* CAPITAL NATIONAL BANK OF LANSING.

BANKS AND BANKING—COLLECTION CODE—NATIONAL BANKING ACT—
PREFERENCES—RATABLE DISTRIBUTION.

State bank collection code which provides for preference against assets of insolvent drawee bank in favor of owner of item where maker has on deposit in drawee sufficient funds to cover item which has been charged to his account but not paid or settled for by drawee before insolvency is inapplicable to an insolvent national bank in this State, being in conflict with national banking act which provides for ratable distribution of assets of such a bank (Act No. 240, § 13, subd. 2, Pub. Acts 1931; 12 USCA, § 194).

Appeal from Ingham; Carr (Leland W.), J. Submitted January 5, 1934. (Docket No. 79, Calendar No. 37,558.) Decided February 8, 1935.

Bill by Edward A. Pierce and others, copartners, against the Capital National Bank of Lansing to declare funds collected on a check to be a trust fund

entitled to preferential treatment.  Bill dismissed.
Plaintiffs appeal.  Affirmed.

*Carey, Armstrong, Weadock & Essery* (*Joseph J. Marshall,* of counsel), for plaintiffs.

*Shields, Silsbee, Ballard & Jennings* (*Stanley H. Fulton,* of counsel), for defendant.

NORTH, J.  Subdivision 2, § 13, of Act No. 240, Pub. Acts 1931, provides:

"When a drawee or payor bank has presented to it for payment an item or items drawn upon or payable by or at such bank and at the time has on deposit to the credit of the maker or drawer an amount equal to such item or items and such drawee or payor shall fail or close for business as above, after having charged such item or items to the account of the maker or drawer thereof or otherwise discharged his liability thereon but without such item or items having been paid or settled for by the drawee or payor either in money or by an unconditional credit given on its books or on the books of any other bank, which has been requested or accepted so as to constitute such drawee or payor or other bank debtor therefor, the assets of such drawee or payor shall be impressed with a trust in favor of the owner or owners of such item or items for the amount thereof, * * * and such owner or owners shall be entitled to a preferred claim upon such assets, irrespective of whether the fund representing such item or items can be traced and identified as part of such assets or has been intermingled with or converted into other assets of such failed bank."

Appellants assert that the above quoted provisions of the State bank collection code are applicable to a national bank which "closed for business" after it had received a check drawn upon it and

charged it as a collection item against the debtor's account, which debtor then had in the bank ample funds. with which to satisfy the forwarded collection, and also after the drawee bank had mailed its check or draft to the forwarding bank in payment of the collection item. Appellee contends that the quoted statute does not apply to a national bank which because of insolvency has suspended doing business in its regular course of banking.

"National banks are subject to State laws that do not interfere with the purposes of their creation, tend to destroy or impair their efficiency as Federal agencies, or conflict with the laws of the United States." *First National Bank in St. Louis* v. *State of Missouri, ex rel. Barrett, Attorney General* (syllabus), 263 U. S. 640 (44 Sup. Ct. 213).

The controlling legal question in the instant case is whether the above quoted statute in providing for a preference conflicts with the national banking act which provides for ratable distribution of the assets of an insolvent national bank among its creditors. Rev. Stat. § 5236; 12 USCA, § 194. The supreme court of the United States has just recently decided the question adversely to the contention of appellants. *Jennings, Receiver,* v. *U. S. Fidelity & Guaranty Co.,* 294 U. S. 216 (55 Sup. Ct. 394); *Old Company's Lehigh, Inc.,* v. *Meeker, Receiver,* 294 U. S. 227 (55 Sup. Ct. 392).

In accord with decision in the cases just above cited, the decree dismissing plaintiff's bill of complaint seeking a preference is affirmed. Costs to appellee.

POTTER, C. J., and NELSON SHARPE, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.