WILLIAMS, Respondent, v. WELDON, et al, Appellants.

(259 N. W. 272.)

(File No. 7736. Opinion filed March 6, 1935.)

*C. A. Wilson,* of Hot Springs, for Appellants.

*B. F. Messick,* of Topeka, Kan., and *H. M. Lewis,* of Hot Springs, for Respondent.

RUDOLPH, J. The defendants are trustees for the depositors of the insolvent Fall River County Bank of Edgemont, S. D., appointed under the provisions of chapter 57, Laws of 1927, prior to the amendment of said law by chapter 90, Laws of 1931. On November 19, 1930, the Guaranty State Bank of Topeka, Kan. (which will hereinafter be referred to as the Kansas bank), wrote to the Fall River County Bank (which will hereinafter be referred to as the South Dakota bank), and inclosed a warranty deed to certain land in Fall River county, S. D., on behalf of the plaintiff, Williams, with instructions to deliver the deed to a Mr. Anderson upon payment of $505 in cash and the execution and delivery of a mortgage on the premises wherein Anderson would secure the balance of the purchase price in the amount of $1,000. Thereafter, on November 28, 1930, the Kansas bank wrote to the South Dakota bank advising it that Mr. Anderson had offered all cash for the land, and instructed it to deliver the deed to Anderson upon the receipt of $1,405 in cash.

Thereafter Anderson received from one Albert Nelson two checks, one in the amount of $800, and the other in the amount of $445.34, which checks were drawn against Nelson's account in the South Dakota bank. These two checks were indorsed by Anderson and turned over to the bank, together with his check for $159.66, drawn on his account in the South Dakota bank, and the bank in turn delivered to Anderson the warranty deed. It will be observed that no cash of any kind went into the South Dakota bank by this transaction. Thereafter the South Dakota bank sent to the Kansas bank a cashier's check covering the amount due on account of the purchase of the land by Anderson. The cashier's check was never paid because of the failure of

the South Dakota bank. This action was brought, and the trial court entered judgment against the trustees of the South Dakota bank, and decreed that the judgment should constitute a preferred claim against the assets of the bank.

The facts were all presented to the trial court by written stipulations of the parties. The contention of appellants is that the facts do not sustain the judgment entered by the court. Respondent maintains that appellants are in no position to question the sufficiency of the evidence, because of the fact that they made no motion for a new trial in the lower court. Because all of the facts were stipulated and the case was tried upon the agreed statement of facts, the motion for a new trial was unnecessary, and, as said by this court in the case of Wyckoff v. Geisler, 51 S. D. 279, 213 N. W. 362, "wholly superfluous."

This court has reiterated the doctrine that to entitle one to a preference against the assets of a closed bank it must be shown that the transaction upon which the claim of preference is based resulted in an augmentation of the assets of the bank. Birch v. International State Bank, 50 S. D. 60, 208 N. W. 167; Farmers' Savings Bank v. Bergin, 52 S. D. 1, 216 N. W. 597; Northwestern National Bank v. James Valley Bank, 53 S. D. 467, 221 N. W. 82; Milligan v. First State Bank, 55 S. D. 528, 226 N. W. 747; Hornick, More & Porterfield v. Farmers' and Merchants' Bank, 56 S. D. 18, 227 N. W. 375, 82 A. L. R. 16; Badger State Bank v. Weiss, 61 S. D. 518, 249 N. W. 803; Bogue v. Taylor, 61 S. D. 563, 250 N. W. 58. See, also, two opinions by the Supreme Court of the United States announced February 4, 1935: Old Company's Lehigh, Inc., v. Henry E. Meeker, Receiver of First Nat. Bank, 55 S. Ct. 392, 79 L. Ed. —; David H. Jennings, Receiver, v. U. S. Fidelity & Guaranty Co., 55 S. Ct. 394, 79 L. Ed. —. In the above cases this court has also reiterated its opinion that the shifting of credits upon the books of a bank does not increase its assets. Obviously, the transaction here involved was nothing more than a shifting of credits on the books of the bank and, under the above decisions which are controlling, the assets of the bank were not augmented in the sense that the transaction could form the basis for a preferred claim against the assets of the closed bank.

The judgment appealed from is reversed, with directions to make conclusions of law based on the stipulated facts and enter judgment in conformity herewith.

WARREN, P. J., and CAMPBELL and ROBERTS, JJ., concur.

POLLEY, J. (dissenting). For the reasons stated in Farmers' Sav. Bank et al v. Bergin et al, 52 S. D. 1, 216 N. W. 597, and Badger State Bank et al v. Fred Weiss et al, 61 S. D. 518, 249 N. W. 803, I am not able to agree with the majority opinion in this case.