## HOFFMAN v. RAUCH, ADMINISTRATOR.

No. 563.   Argued February 12, 1937.—Decided March 1, 1937.

*Mr. George P. Barse,* with whom *Mr. John F. Anderson* was on the brief, for petitioner.

*Mr. Leland W. Walker* for respondent.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

The First National Bank, Boswell, Pennsylvania, was declared insolvent January 26, 1932.  Shortly thereafter a receiver took charge.

January 21, 1932, the bank's cashier, without her consent, sold four Liberty Bonds ($100.00 each), belonging to Mrs. Rauch and held by it for safekeeping, to the Lohrs. The purchase price was charged to their deposit account.

Mrs. Rauch died June 2, 1932. Claiming a preference, respondent, her administrator, refused the receiver's offer of a general claim against the estate and brought suit. Upon a directed verdict the administrator obtained judgment as a preferred creditor. The court was of opinion "that the assets of the bank were augmented when the bank received from its customer the price agreed upon for said bonds and, therefore, that the plaintiff is entitled to participate in the distribution of the assets of the defendant bank as a preferred creditor." The Circuit Court of Appeals affirmed with an opinion which states: "With the District Judge, we think that the proceeds of these bonds augmented the assets of the bank. They certainly reduced its liability to others."

Petitioner maintains that the bank's assets were not increased through sale of the bonds; that nothing arose therefrom which in original or changed form can be traced into the hands of the receiver.

Respondent submits that since the bank used the bonds in discharge of a liability it "was thereby saved the use of its own funds for that purpose and the assets of the bank at the time of closing were therefore larger in amount than they otherwise would have been. A discharge or reduction of a liability produces a corresponding increase in assets. For every debit there must be a credit."

Obviously, nothing of value was added to the bank's property. Nothing new came into its treasury. A credit entry against an outstanding obligation represented the only possible benefit. Its total liabilities were not reduced since a new obligation arose to pay to the owner the value of the bonds.

Here it is accepted doctrine that when a claim is made for preference against funds held by the receiver of a national bank the burden is upon the claimant to establish his title; he must definitely trace something of value which belonged to him, or the avails therefrom, into the receiver's possession. *Schuyler* v. *Littlefield,* 232 U. S. 707, 713; *Texas & Pacific Ry. Co.* v. *Pottorff,* 291 U. S. 245, 261. Also, a mere showing that the bank wrongly used property of another in discharging its indebtedness does not suffice to establish a preferred claim against the receiver.

Accordingly, we must hold that the courts below were in error and reverse the challenged judgment.

The applicable legal principles were much discussed in *Blakey* v. *Brinson,* 286 U. S. 254; *Texas & Pacific Ry. Co.* v. *Pottorff, supra; Jennings* v. *United States Fidelity & Guaranty Co.,* 294 U. S. 216; *Old Company's Lehigh, Inc.* v. *Meeker,* 294 U. S. 227; *Adams* v. *Champion,* 294 U. S. 231; and *Farmers' National Bank* v. *Pribble,* 15 F. (2d) 175, 176.

*Jennings* v. *United States Fidelity & Guaranty Co., supra,* pp. 224-225, said: "But the situation is very different when what has been received by the collecting agent is not a thing at all, but a reduction of liabilities by set-off or release . . . A debt does not furnish a continuum upon which a trust can be imposed after cancellation or extinguishment has put the debt out of existence . . . The dividend that would be due upon the debts canceled through the set-off if they were now to be revived is the measure of any benefit accruing to the creditors." In *Old Company's Lehigh, Inc.* v. *Meeker, supra,* p. 229, we asserted: "What was done by the Mamaroneck bank on January 14, 1933, did not involve in its doing the creation of a special deposit or an augmentation of the assets. What was done had no effect except to diminish liabilities by reducing the indebtedness due to a depositor." And *Adams* v. *Champion, supra,* denied prefer-

ence in respect of so much of a bank credit arising from the wrongful disposal of bonds as had been withdrawn prior to the receivership. Only the balance came to the receiver. We said, (239): "Evidence is lacking that it was withdrawn in such a form or for such purposes as to be represented by any assets forming part of the estate today."

Respondent was not entitled to a preference. His right to participation as a general creditor is conceded.

The cause must go back to the District Court with directions to proceed in accordance with this opinion.

*Reversed.*