## HEKLER v. WARD.
### No. 9743.

District Court, E. D. Pennsylvania.

Jan. 4, 1938.

Joseph T. Taylor, Howard E. Stern, and Taylor & Stern, all of Philadelphia, Pa., for plaintiff.

Lawrence Potamkin, of Potamkin, Levin & Rappeport, of Philadelphia, Pa., for defendant.

MARIS, District Judge.

This is a suit in equity brought by a depositor in the Lehigh National Bank seeking to impress the funds in the hands of the defendant receiver with a trust in favor of the plaintiff. From the evidence I make the following

### Special Findings of Fact

The plaintiff on and before February 27, 1933, was a depositor in the Lehigh National Bank, of Philadelphia, hereinafter called the Bank. On that date he deposited in the Bank a check for $1,000 drawn by the Harlem Savings Bank on the Corn Exchange Bank Trust Company, of New York, to the order of Susanna Eslinger and indorsed by her and by himself. The check was received by the Bank for collection and was credited to the plaintiff's deposit account subject to collection. On the same day the Bank indorsed it and forwarded it to the Pennsylvania Company for Insurances on Lives and Granting Annuities for collection, which company at once credited it to the Bank subject to collection and on February 28th in turn indorsed it and forwarded it to the Federal Reserve Bank of New York for collection, which bank at once credited it to the Pennsylvania Company, subject to collection. There was no evidence of any agreement that the specific funds collected should be segregated or transmitted in specie. On the contrary, it appeared that the Bank had a general deposit account with the Pennsylvania Company and the latter a similar account with the Federal Reserve Bank of New York to each of which the check was credited, subject to being charged back if collection was not made.

On March 1, 1933, the amount of the check was paid by the Corn Exchange Bank Trust Company to the Federal Reserve Bank of New York through the New York Clearing House and the prior credits of the amount thereof on the books of the Federal Reserve Bank of New York in favor of the Pennsylvania Company, on the books of the Pennsylvania Company in favor of the Bank and on the books of the Bank in favor of the plaintiff immediately became absolute.

At the close of business on March 1, 1933, the Bank, being insolvent, was placed by its directors upon a restricted payment basis. Thereafter a conservator was appointed and on November 3, 1933, a receiver was appointed for the Bank by the Comptroller of the Currency.

No part of the proceeds of the said check for $1,000 was ever actually received either by the Bank or by its conservator or receiver, but the entire amount thereof was credited by the Pennsylvania Company upon the indebtedness of the Bank to that company.

The plaintiff has received a dividend of $340 on account of his claim upon the said check.

### Discussion

In this case the plaintiff seeks to impress the funds in the hands of the defendant receiver to the extent of $1,000 with a trust in his favor in order that he may secure the preferential payment in full of the check which he deposited for collection on February 27, 1933. His contention is that since the check was deposited for collection the relation of principal and agent arose and continued until after the Bank was placed upon a restricted basis by reason of its insolvency. Consequently, he says, the proceeds of the check when collected after the Bank closed constituted a trust fund to which he was entitled. If the facts were as he suggests there would be much force in his argument. The facts, however, are otherwise, as I have found, and the plaintiff's suit must fail for reasons which I shall briefly state.

In the first place the check in question was in fact collected in full on March 1st before the Bank went on a restricted basis. While it is true that the cashier of the Bank informed the plaintiff that it would take from three to five days for the check to be collected, it is clear that

he meant that it would take that much time for him to receive notice in regular course of business of the payment of the check. This was not to say that the plaintiff would not be entitled to absolute credit as soon as collection was actually made by the Bank's collection agents. His statement, therefore, must yield to the fact that the check was actually paid on March 1st. Just as soon as it was paid to the Federal Reserve Bank of New York, the conditional credits which had been given for it by the Federal Reserve Bank of New York in favor of the Pennsylvania Company, by the Pennsylvania Company in favor of the Bank and by the Bank in favor of the plaintiff immediately became absolute. In other words on March 1st after it collected the check the Federal Reserve Bank was unquestionably indebted to the Pennsylvania Company in the sum of $1,000, the Pennsylvania Company to the Bank in the same amount, and the Bank to the plaintiff in the like amount. It follows that the relationship of principal and agent which, when the check was deposited for collection, arose between the plaintiff and the Bank and its collecting agents was by the payment of the check transformed into that of creditor and debtor all down the line. Marine Bank v. Fulton County Bank, 2 Wall., 69 U.S., 252, 17 L.Ed. 785; Commercial National Bank v. Armstrong, 148 U.S. 50, 13 S.Ct. 533, 37 L.Ed. 363. I have found that the check was collected on March 1st before the bank closed. Consequently the plaintiff is but a general creditor of the Bank and entitled only to a pro rata dividend.

■ But even if it should be held that the relationship of principal and agent continued after March 1st, the plaintiff's claim must necessarily fall because of his inability to show that any portion of the proceeds of his check ever came into the possession of the Bank, its conservator or receiver. There is no fund in the hands of the defendant belonging to the plaintiff upon which a trust in his favor may be impressed. There can be no question as to this, since the uncontradicted evidence showed that the proceeds of the plaintiff's check were applied by the Pennsylvania Company in part payment of the indebtedness to it of the Bank and no part of the proceeds was ever paid over to the Bank or its conservator or receiver.

■ It is settled that before a trust relationship between a depositor and his bank is established it must be shown, not only that there was a fiduciary relationship between the depositary and the bank before insolvency, but also that the property or res to which the trust applies can be traced into the hands of the receiver of the bank. Jennings v. United States Fidelity & G. Co., 294 U.S. 216, 55 S.Ct. 394, 79 L.Ed. 869, 99 A.L.R. 1248; Hoffman v. Rauch, 300 U.S. 255, 57 S.Ct. 446, 81 L.Ed. 629. Here, as we have seen, the fiduciary relationship terminated before the bank closed and no res has been identified or traced into the defendant's hands. I accordingly reach the following

## Conclusions of Law

■ When the plaintiff deposited the check in question with the Lehigh National Bank for collection, the fiduciary relationship of principal and agent arose.

When the check was collected on March 1, 1933, the fiduciary relationship with respect to the said check was transformed into the relationship of creditor and debtor.

At the time that the Bank failed to meet its obligations no fiduciary relationship existed between it and the plaintiff.

No part of the funds in the hands of the defendant is a trust fund belonging to the plaintiff.

The bill should be dismissed.

A decree dismissing the bill may accordingly be entered.