In re SUPREME APPLIANCE & HEATING CO.

Bankr. No. 15004.

District Court of the United States
W. D. Kentucky, at Louisville.

Sept. 13, 1951.

Alan Neil Schneider and David A. Sachs, Jr., Louisville, Ky., for trustee.

Emile Steinfeld, Louisville, Ky., for creditor, United States Fidelity & Guaranty Co.

Woodward, Dawson, Hobson & Fulton, Louisville, Ky., for bankrupt.

MILLER, Circuit Judge.

The United States Fidelity and Guaranty Company seeks a review of the Referee's order of January 16, 1951, which overruled the motion of the Guaranty Company to file an amended claim tendered on September 19, 1950, and to set aside an order distributing the funds in the hands of the Trustee.

The Supreme Appliance & Heating Company was adjudicated a bankrupt on January 22, 1948. The first meeting of creditors was held on February 9, 1948. Between then and July 31, 1948, six claimants filed their separate proofs of claim for labor and material furnished the bankrupt. Five of these were assigned of record to the Guaranty. The sixth claim, that of Consolidated Contractors, Inc. for $4,573.91 was not assigned, but stated that its claim was secured by reason of a bond executed by the Guaranty Company on July 22, 1947.

On September 19, 1950, the Guaranty Company tendered an amended proof of claim of the six claims above referred to, which stated that on or about July 22, 1947, the Guaranty Company executed a bond on behalf of the bankrupt to Consolidated Contractors to secure the performance of a contract between Consolidated Contractors and the Jefferson County Board of Education for the installation of heating equipment in fifteen portable school houses, and that in order to induce the Guaranty Company to become surety upon said bond the bankrupt assigned to it all of its right, title and interest in the contract, including retained percentages, deferred payments and all money that became due under said contract; that the bankrupt failed to perform its contract; that the Guaranty Company by reason of its bond paid the claims of the six creditors who had filed proofs of claim in this proceeding; that said claims were assigned to the Guaranty Company; and that the Guaranty Company was subrogated to all the rights of the creditors to the funds in the hands of the trustee; that there was in the hands of the trustee $1,514.44, "realized by reason of the contract between the bankrupt and the Jefferson County Board of Education", to which the Guaranty Company claimed it was entitled. The amended proof of claim was executed by the attorneys for the Guaranty Company, instead of by an officer.

The Referee rejected the tendered amended proof of claim because it was not properly executed and because it was ten-

dered after the six months period of limitation provided by Sec. 57, sub. n of the Bankruptcy Act, 11 U.S.C. § 93, sub. n. The Referee considered it an attempt to file a new claim rather than an amendment of the claims previously filed.

It is well settled that an amended claim can be filed after the statutory period for filing has expired, if it is in fact an amendment of a claim previously filed within time. Bennett v. American Credit Indemnity Co., 6 Cir., 159 F. 624; In Re Ashland Steel Co., 6 Cir., 168 F. 679. Such an amendment is not permissible, if it attempts to assert a new claim against the bankrupt estate. Accordingly, one of the questions presented in the present case is whether the tendered amendment amended the claims previously filed or attempted to assert a new claim. If it attempted to set up a new claim, the Referee was correct in refusing to permit it to be filed.

I am of the opinion that the Referee was incorrect in considering it as a new claim. The Guaranty Company was the assignee of the claims previously filed. Assignments of five of the claims were already filed of record, and the tendered amendment alleged the assignment of all the claims to the Guaranty Company. In addition, the Guaranty Company was, as a matter of law, subrogated to the rights of these creditor-claimants by having paid their claims. Farmers' Bank v. Hayes, 6 Cir., 58 F.2d 34, 36; Glenn v. American Surety Co., 6 Cir., 160 F.2d 977, 982. Accordingly, the Guaranty Company was not asserting any new claims against the bankrupt estate, but was attempting to enforce in its own favor existing claims, previously filed in time. The tendered amendment sought security for these claims, which as originally filed did not claim any lien or priority. This change in the nature of the claim, from an unsecured one to a secured one, seems to me to present the real question involved.

The question is considered and discussed by the Court of Appeals for this Circuit in Re Meade Tool & Die Co., 164 F.2d 228, where such an amendment was permitted. In cases where no fraud appears, and the parties are in the same situation as they would have been if the claim had been originally filed as a secured one, and substantial justice requires that the amendment should be allowed, an unsecured creditor should be allowed to amend his claim so as to assert and show his security. Hutchinson v. Otis, 190 U.S. 552, 23 S.Ct. 778, 47 L.Ed. 1179; Collier on Bankruptcy, 14th Edition, Vol. 3, Sec. 57.11, page 175. As pointed out in Re Ashand Steel Co., 6 Cir., 168 F.2d 679, 680, such an amendment is not the allowance of a new claim, but the ascertainment of its rank in the distribution of the assets.

The Referee was also of the opinion that the amendment, even if permitted to be filed, did not establish a lien against the funds in the hands of the Trustee, in that the record, in its then shape, showed that such funds were derived from sources not involved in the contract between the bankrupt and the Jefferson County Board of Education. But the amendment alleged that such funds were realized by reason of this contract. If funds so realized can be traced into the money now held by the Trustee, as counsel for the Guaranty Company claims can be done, the lien claimed by the Guaranty Company is validly established. Smith v. Township of Au Gres, 6 Cir., 150 F. 257, 9 L.R.A.,N.S., 876; Smith v. Mottley, 6 Cir., 150 F. 266; In re Lion Overall Co., D.C. N.Y., 48 F.Supp. 442; Collier on Bankruptcy, 14th Ed., Vol. 4, Sec. 70.25, pages 1141–1146. The burden of proof is upon the claimant, but he is entitled to the opportunity to prove his allegation.

The failure to properly execute the tendered amendment, as required by General Order 21, 11 U.S.C.A. following section 53, is a formal defect, not relied upon at the time it was tendered and is subject to correction. In re Roeber, 2 Cir., 127 F. 122; In re Magnet Oil Co., 9 Cir., 119 F.2d 260. A reasonable opportunity should be allowed for doing so.

The petition to review is sustained, and the order of January 19, 1951 is set aside.