## In re SUPREME APPLIANCE & HEATING CO.

### No. 15004.

United States District Court
W. D. Kentucky, at Louisville.
June 24, 1953.

Woodward, Hobson & Fulton, Louisville, Ky., for bankrupt.

Selligman & Greenbaum, Louisville, Ky., for United States Fidelity & Guaranty Company.

SHELBOURNE, Chief Judge.

This case was before this Court last on September 13, 1951, 100 F.Supp. 200, and was heard by Judge Shackelford Miller, Jr., a member of the Court of Appeals of this Circuit, then sitting here by designation.

On the petition for review by the United States Fidelity and Guaranty Company, the case was remanded by Judge Miller to the Referee, in order to permit the United States Fidelity and Guaranty Company to trace funds into the hands of the trustee in this case, pursuant to its claim tendered to the Referee and which claim, as amended, the Referee had declined to permit to be filed.

When the case was remanded, a hearing was held before the Referee on November 27, 1951, and from the proof heard, the Referee has determined in an order entered December 8, 1952, that the claimant United States Fidelity and Guaranty Company failed to show that the funds in the hands of the trustee arose out of a contract between the bankrupt and the Jefferson County Board of Education and failed to show that such funds in the hands of the trustee represented retained percentages arising out of the contract between the claimant and the Board of Education. December 17, 1952, the Guaranty Company filed its petition for review.

The facts adduced at the hearing are:

November 19, 1947, the bankrupt deposited in its account in the First National Bank at Louisville $5,000 received from the Jefferson County Board of Education by reason of the contract between them. December 22, 1947, it received $2,524.91; December 30, 1947, $1,406.90, and $218 in January 1948, prior to the date of the adjudication in bankruptcy, which was January 22, 1948. However, the last three items, $2,524.91, $1,406.90 and $218, were never traced to any bank account.

On the date of the bankruptcy, the status of the bankruptcy account in the First National Bank was an overdraft of $10.84. Its account in the Citizens Fidelity Bank & Trust Company was exhausted on that date and there was $17.59 on deposit in the Liberty National Bank and it had ten cents to its credit in the Royal Industrial Bank.

The trustee testified that following his appointment and qualification, he received $3,121.42. $367.59 of this represented accounts collected; $2,500 was recovered by him in a fraud action against one Shepherd, and from the sale of the bankrupt's chattels, the balance of the $3,121.42.

There now remains in the hands of the trustee $1,544.04, which the United States Fidelity and Guaranty Company is seeking to subject to its claim.

The rule of law is thus expressed in Schuyler v. Littlefield, 232 U.S. 707, 713, 34 S.Ct. 466, 58 L.Ed. 806:

"Where one has deposited trust funds in his individual bank account, and the mingled fund is at any time wholly depleted, the trust fund is thereby dissipated, and cannot be treated as reappearing in sums subsequently deposited to the credit of the same account."

230

In Collier on Bankruptcy, 14th Ed., Vol. 4, Sec. 70.25, pages 1145–1146, that author says—

"The situation frequently occurs where trust funds have been traced into a general bank account of the bankrupt. The following principles have been applied. The Bankruptcy Court will follow trust fund and decree restitution where the amount of the deposit has at all times since the intermingling of funds equaled or exceeded the amount of the trust fund. But, where after the appropriation and mingling, all of the moneys are withdrawn, the equity of the cestui is lost, although moneys from other sources are subsequently deposited in the same account. In the intermediate case where the account is reduced to a smaller sum than the trust fund, the latter must be regarded as dissipated, except as to the balance, and funds subsequently added from other sources cannot be subjected to the equitable claim of the cestui que trust."

Our Court of Appeals in the case of Prudential Insurance Company of America v. Nelson, 6 Cir., 96 F.2d 487, 491, said—

"* * * it is not sufficient to prove that trust funds went into the general assets of an insolvent estate, it is indispensable to the maintenance of a claim to such funds by a cestui que trust that proof be made that they went into a specific fund."

A claimant must definitely trace the assets claimed or the avails therefrom into the receiver's possession. Hoffman v. Rauch, 300 U.S. 255, 57 S.Ct. 446, 81 L.Ed. 629.

### Conclusion

Claimant admits its failure to trace any sum received by virtue of the contract between the bankrupt and the Board of Education other than the $5,000 deposited on November 19, 1947. Subsequent to that date, on November 28, 1947, the First National Bank, to which the $5,000 was traced was reduced to twenty-two cents, and on the date of the adjudication in bankruptcy, that account was overdrawn and since the funds were deposited in an account which was wholly depleted, any funds in which the United States Fidelity and Guaranty Company had an interest were dissipated.

The claimant has failed to meet its burden of tracing and identifying the funds claimed. Therefore, the holding of the Referee that the United States Fidelity and Guaranty Company is not entitled to the funds now in the hands of the trustee is affirmed, and an order to that effect is this day entered.